## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re Great Expressions Data Security Incident Litigation | Case No.: 2:23-cv-11185-JJCG-CI |
| | Hon. Jonathan J.C. Grey |

### SETTLEMENT AGREEMENT

This Settlement Agreement, dated June 26, 2024, is made and entered into by and among: (1) Plaintiffs Vanessa Brito, Crystal Coffey, Jacqueline Williams, Aprill Denson, as next friend of C.D., a minor, and James Patterson (collectively, "Plaintiffs" or "Representative Plaintiffs"), individually and on behalf of the Settlement Class Members (as defined below); and (2) Defendants ADG, LLC d/b/a Great Expressions Dental Centers ("ADG") and Great Expressions Dental Centers, P.C. ("GEDC") (collectively, "Defendants," and together with Plaintiffs, the "Parties").

## I.     BACKGROUND

1.     GEDC provides dental care at more than 300 locations in Connecticut, Florida, Georgia, Michigan, Massachusetts, New York, New Jersey, Ohio, and Texas.

2.     ADG provides administrative and business support services and licenses the Great Expressions Dental Centers® brand name to independently owned and operated dental practices.

3.     On or before February 22, 2023, Defendants learned of a data security incident (the "Data Security Incident") that occurred between February 17, 2023 and February 22, 2023, in which an unauthorized, outside actor (the "Threat Actor") accessed certain of Defendants' information technology systems. Defendants' investigation of the Data Security Incident

DocuSign Envelope ID: 583586C3-5B1D-405E-83BE-B39677 1EEB83

determined that the Threat Actor potentially accessed certain records containing personal information pertaining to current and former employees and patients of Defendants' customers/licensees, including (1) for employees: names, Social Security numbers, driver's license numbers, passport numbers, and/or bank account and routing number and (2) for patients: patient names, dates of birth, contact information, mailing addresses, Social Security numbers, driver's license numbers, financial account information, credit or debit card numbers, diagnosis and treatment information, medical and dental history, dental examination information, charting information, treatment plans, x-ray images, dates of service, provider names, GEDC office of treatment, billing records, costs of services, prescription information and/or health insurance information.

4.      On May 12, 2023, Defendants began providing notice of the Data Security Incident to potentially impacted individuals.

5.      On May 18, 2023, Plaintiff Brito filed a putative Class Action Complaint in the United States District Court for the Eastern District of Michigan. Plaintiffs Coffey, Denson, and Williams subsequently filed cases that were consolidated with Plaintiff Brito's case under the caption *In re Great Expressions Data Security Incident Litigation*.

6.      On August 28, 2023, Plaintiffs filed a consolidated Class Action Complaint, bringing claims against Defendants for negligence, breach of implied contract, and declaratory judgment.

7.      On October 9, 2023, Defendants moved to dismiss each of these claims, and the Parties completed briefing on Defendants' motion to dismiss.

8.      On October 10, 2023, Plaintiff Patterson filed a putative Class Action Complaint in the United States District Court for the Eastern District of Michigan.

DocuSign Envelope ID: 583586C3-5B1D-405E-83BE-B396771EEB83

9.      Prior to the Court ruling on the motion to dismiss, the Parties agreed to mediate their dispute and jointly requested a stay of the case pending mediation.

10.      On March 21, 2024, the Parties participated in an in-person mediation session in Palm Beach, Florida, which was facilitated by an experienced mediator, Bennett G. Picker. After a full day of settlement negotiations, and upon the Parties' acceptance of the mediator's recommendation as to the monetary amount of the settlement, the Parties reached an agreement in principle.

11.      On March 28, 2024, Plaintiff Patterson filed a notice of voluntary dismissal, and on April 9, 2024, the Court dismissed the case without prejudice.

12.      On May 15, 2024, the Parties stipulated to the addition of Plaintiff Patterson as a plaintiff in the *In re Great Expressions Data Security Incident Litigation*, and Plaintiffs filed their First Amended Consolidated Complaint ("the Complaint").

13.      After reaching an agreement in principle, the Parties continued negotiating the additional terms of the settlement. The Parties' agreement in principle and additional agreed-upon terms are now finalized in this Settlement Agreement and the attached exhibits.

14.      Pursuant to the terms set out below, this Settlement Agreement provides for the full and final resolution, discharge and settlement of all claims and causes of action asserted, or that could have been asserted, against Defendants and the Released Persons (as defined below) arising out of or relating to the Data Security Incident, by and on behalf of the Representative Plaintiffs and Settlement Class Members (as defined below) and any other such actions by and on behalf of any other persons in the United States relating to the Data Security Incident. The settlement contemplated by this Settlement Agreement is subject to preliminary and final approval by the Court.

## II.    REPRESENTATIVE PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

Representative Plaintiffs believe the claims asserted in the Litigation (as defined below), as set forth in the Complaint, have merit. Representative Plaintiffs, and their counsel who are proposed as Class Counsel ("Proposed Class Counsel"), recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through motion practice, trial, and potential appeals. They have also taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Proposed Class Counsel are experienced in class action litigation and are very knowledgeable regarding the relevant claims, remedies, and issues generally in such litigation and in the privacy issues specific to this litigation. They have determined that the settlement set forth in this Settlement Agreement, which provides compensation for those individuals who are alleged to have suffered the consequences of the Data Security Incident, is fair, reasonable, and adequate, and in the best interest of Representative Plaintiffs and the Settlement Class.

## III.    DENIAL OF WRONGDOING AND LIABILITY

Defendants deny all of the material contentions and claims alleged against them in the Litigation, and all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Defendants specifically deny that Representative Plaintiffs and the Settlement Class Members are entitled to any relief from Defendants. Defendants further assert that neither the Representative Plaintiffs nor the Settlement Class Members have suffered harm and that the complications of managing a potential trial in this matter among other reasons would preclude class certification in the absence of settlement. Nonetheless, without making any admission of wrongdoing whatsoever, Defendants have considered the uncertainty and risks inherent in any litigation, concluded that further conduct of the Litigation would be protracted and expensive, and

4

DocuSign Envelope ID: B83586C3-5B1D-405E-83BE-B396771EE983

that it is desirable and beneficial that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    SETTLEMENT TERMS

**NOW, THEREFORE**, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among Representative Plaintiffs, individually and on behalf of the Settlement Class Members, and Defendants that, subject to the approval of the Court, the Litigation be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

1.    <u>**Definitions**</u>

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1.    "Agreement" or "Settlement Agreement" means this agreement.

1.2.    "Approved Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution process.

1.3.    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), to be served upon the appropriate state official in each state where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

1.4.    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.5.    "Claims Administrator" means Kroll Settlement Administration, LLC, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation, subject to approval by the Court.

1.6.    "Claims Deadline" means the postmark deadline for valid claims pursuant to ¶ 2.8.2 which shall be 90 days after the Class Notice Date.

1.7.    "Claim Form" means the form that the Settlement Class Members must complete and submit on or before the Claims Deadline in order to be eligible for the benefits described herein. The Claim Form shall require a sworn signature or electronic verification under penalty of perjury but shall not require a notarization. The Claim Form template is attached as **Exhibit A** to this Settlement Agreement.

1.8.    "Class Notice Date" means thirty (30) days after entry by the Court of the Preliminary Approval Order.

1.9.    "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration, including the costs of Notice and the CAFA Notice.

1.10.    "Court" means the United States District Court for the Eastern District of Michigan.

1.11.    "Data Security Incident" means the data security incident that occurred between February 17, 2023, and February 22, 2023, in which an unauthorized, outside actor accessed certain of Defendants' information technology systems.

1.12.    "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.13.    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.15 and ¶ 9.1 herein have occurred and been met.

DocuSign Envelope ID: 583586C3-5B1D-405E-83BE-B396771EEB83

1.14.   "Non-SSN Subclass Members" means all Settlement Class Members whose Social Security numbers were not potentially accessed or acquired during the Data Security Incident. Defendants represent that there are approximately 1,902,862 Non-SSN Subclass Members.

1.15.   "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorney's fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.16.   "Judgment" means a Final Approval Order and Judgment rendered by the Court and in a form substantially similar to the one attached hereto as **Exhibit E**.

1.17.   "Litigation" means *In re Great Expressions Data Security Incident Litigation*, Case No. 2:23-cv-11185-JJCG-CI, pending in the United States District Court for the Eastern District of Michigan.

1.18.   "Notice" means the written notice to be sent or made available to the Settlement Class Members pursuant to the Preliminary Approval Order, including the Short Form Notice and the Long Form Notice.

1.19.   "Notice Program" means the class notice program set forth in ¶ 3.2 herein.

1.20.    "Objection Date" means the date by which objections to the settlement from Settlement Class Members must be filed with the Clerk of Court in order to be effective and timely and shall be sixty (60) days from the Class Notice Date.

1.21.    "Opt-Out Date" means the date by which requests for exclusion from settlement must be postmarked in order to be effective and timely and shall be sixty (60) days after the Class Notice Date.

1.22.    "Plaintiffs' Counsel" and "Proposed Class Counsel" mean Patrick A. Barthle of Morgan & Morgan and Joseph M. Lyon of The Lyon Firm.

1.23.    "Preliminary Approval Order" means the order preliminarily approving the settlement and directing mailed (and, where possible, emailed) notice to the Settlement Class of the pendency of the Litigation and of the settlement. The Preliminary Approval Order template is attached as **Exhibit D** to this Settlement Agreement.

1.24.    "Related Entities" means Defendants' past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, including any and all independently owned and operated business entities (including any and all dental practices) to which ADG provides non-clinical support services, divisions, successors, predecessors (including companies they have acquired, purchased or absorbed), subcontractors, assigns and joint ventures, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnities, insurers, and reinsurers, past, present, and future, and all persons acting under, by or though, or in concert with any of them, other than any individual who is found by a court of competent jurisdiction to be guilty under criminal law of initiating,

causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

    1.25.  "Released Claims" shall collectively mean any and all injuries, losses, damages, costs, expenses, compensation, claims, suits, rights, rights of set-off and recoupment, demands, actions, obligations, causes of action, and liabilities of any and every kind, nature, type, description, or character, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, of Representative Plaintiffs or any Settlement Class Member that were or could have been asserted (whether individually or on a class-wide basis) based on, relating to, concerning or arising out of the Data Security Incident, alleged theft or misuse of current and former employees' and patients' of Defendants' customers/licensees or other individuals' PII, or the allegations, facts, or circumstances related to the Data Security Incident as described in the Litigation including, without limitation, any causes of action for or under: state consumer protection statutes, including that of New York; the California Customer Records Act; the California Consumer Privacy Act; the California Unfair Competition Law; the California Consumer Legal Remedies Act; the Confidentiality of Medical Information Act; the New York General Business Law; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; any federal, state or local statutory or regulatory claims, including but not limited to, the consumer protection laws and unfair and deceptive trade practice laws or other common laws or statues of all fifty (50) states, U.S. territories, and the United States; and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement,

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39671FEEB88

declaratory relief, equitable relief, attorney's fees and litigation costs, expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by Representative Plaintiffs or any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Security Incident, alleged theft or misuse of current and former employees' and patients' of Defendants' customers/licensees or other individuals' PII or the allegations, facts, or circumstances related to the Data Security Incident. Released Claims shall include Unknown Claims as defined in ¶ 1.33. Released Claims shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class. The Released Claims shall be accorded the broadest preclusive scope and effect permitted by law against the Representative Plaintiffs and Settlement Class Members and this definition of Released Claim is a material term of this Settlement Agreement.

    1.26. "Released Persons" means Defendants, the Related Entities and each of their past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, divisions, successors, predecessors (including companies they have acquired, purchased or absorbed), subcontractors, assigns and joint venturers, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnities, insurers, and reinsurers, past, present, and future, and all persons acting under, by or though, or in concert with any of them.

1.27. "Representative Plaintiffs" means Plaintiffs Vanessa Brito, Crystal Coffey, Jacqueline Williams, and Aprill Denson, as next friend of C.D., a minor, and James Patterson.

1.28. "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.29. "Settlement Class" means all individual U.S. residents to whom Defendants sent notice that their personal information was potentially impacted in the Data Security Incident. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendants; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads nolo contendere to any such charge. Defendants represent that the Settlement Class contains approximately 1,945,788 individuals.

1.30. "Settlement Class Member(s)" means an individual (or individuals) who falls within the definition of the Settlement Class.

1.31. "Settling Parties" means, collectively, Defendants and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.32. "SSN Subclass Members" means all Settlement Class Members whose Social Security numbers were potentially accessed or acquired during the Data Security Incident. Defendants represent that there are approximately 42,926 SSN Subclass Members.

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39671FEB88A

1.33.   "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiffs, does not know or suspect to exist as of the date of the entry of the Preliminary Approval Order that, if known by any of them, might have affected their settlement with, and release of, the Released Persons, or might have affected their decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771EEB88

Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.34.   "United States" as used in this Settlement Agreement includes the District of Columbia and all territories of the United States.

## 2.   **Settlement Benefits**

2.1.   Settlement Fund. Within thirty (30) days of an order directing class notice, Defendants will fund a non-reversionary cash settlement fund in the amount of $2,700,000.00 for the benefit of Settlement Class Members (the "Settlement Fund"). As set forth below, the Settlement Fund will be used to pay for: (1) reimbursement for Ordinary Out-of-Pocket Losses and Ordinary Attested Time for SSN Subclass Members; (2) reimbursement for Extraordinary Out-of-Pocket Losses for SSN Subclass Members; (3) Cash Payments for SSN Subclass Members; (4) Attested Time for Non-SSN Subclass Members; (5) Costs of Claims Administration; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court.

2.2.   Reimbursement for Ordinary Out-of-Pocket Losses and Ordinary Attested Time for SSN Subclass Members. SSN Subclass Members may submit a claim for Ordinary Out-of-Pocket Losses and Ordinary Attested Time up to $500 per individual. For the avoidance of doubt, regardless of whether an SSN Subclass Member submits a claim for Ordinary Out-of-Pocket Losses, Ordinary Attested Time, or both, the total amount of such a claim may not exceed $500. The Settlement Fund will be used to pay valid and timely submitted claims for each of the following categories:

2.2.1. "Ordinary Out-of-Pocket Losses" are unreimbursed costs, losses, or expenditures incurred by a Class member in responding to notice of the Data Security Incident that were incurred between February 17, 2023 and the Claims Deadline. Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs associated with accessing or freezing/unfreezing credit reports with any credit-reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.

2.2.2. SSN Subclass Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Claims Administrator the information required to evaluate the claim, including: (1) the SSN Subclass Member's name and current address; (2) documentation supporting the unreimbursed cost, loss, or expenditure; and (3) a brief description of the documentation describing the nature of the cost, loss, or expenditure, if the nature of the cost, loss, or expenditure is not apparent from the documentation alone. Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the SSN Subclass Member that documents the costs incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

2.2.3. Whether or not they incurred Ordinary Out-of-Pocket Losses, SSN Subclass Members may also submit a claim for up to 2 hours of time spent responding to receiving notice of the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief description of: (1) the actions taken in response to receiving notice of the Data Security Incident; and (2) the time associated with each action ("Ordinary Attested Time").

2.3. <u>Reimbursement for Extraordinary Losses for SSN Subclass Members</u>. In addition to submitting a claim for Ordinary Out-of-Pocket Losses, SSN Subclass Members who believe they have suffered identity theft, fraud, or other extraordinary losses may submit a claim for Extraordinary Losses up to $5,000 per individual.

2.3.1. "Extraordinary Losses" are unreimbursed costs, losses, or expenditures incurred by a SSN Subclass Member that are fairly traceable to the Data Security Incident, and are costs, losses, or expenditures that are not reimbursable as Ordinary Out-of-Pocket Losses. Extraordinary Losses may include, without limitation, the unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of the SSN Subclass Member's personal information.

2.3.2. SSN Subclass Members who elect to submit a claim for reimbursement of Extraordinary Losses must provide to the Claims Administrator the information required to evaluate the claim, including: (1) the SSN Subclass Member's name and current address; (2) documentation supporting the unreimbursed cost, loss, or expenditure; and (3) a brief description of the documentation describing the nature of the cost, loss, or expenditure, if the nature of the cost, loss, or expenditure is not apparent from the documentation alone. Documentation supporting Extraordinary Losses can include receipts or other documentation not "self-prepared" by the SSN Subclass Member that documents the unreimbursed cost, loss, or expenditure incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

2.3.3. Extraordinary Losses will be deemed "fairly traceable" if (1) the timing of the unreimbursed cost, loss, or expenditure occurred on or after February 17, 2023; and (2) the

personal information used to commit identity theft or fraud consisted of the same type of personal information that was potentially impacted in the Data Security Incident.

2.4.    Aggregate Cap and Potential *Pro Rata* Decrease of Claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and Extraordinary Losses for SSN Subclass Members. Approved Claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and Extraordinary Losses for SSN Subclass Members will be subject to an aggregate cap of $150,000. If the aggregate amount of Approved Claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and Extraordinary Losses for SSN Subclass Members exceeds $150,000, such claims will be decreased *pro rata* to total of $150,000. If the aggregate amount of Approved Claims for Ordinary Out-of-Pocket Losses and for Ordinary Attested Time and Extraordinary Losses SSN Subclass Members is less than $150,000, the remainder will be used to pay the claims for attested time by the Non-SSN Subclass Members.

2.5.    SSN Subclass Members seeking Ordinary Out-of-Pocket Losses, Ordinary Attested Time, or Extraordinary Losses must complete and submit either a hard copy or online Claim Form to the Claims Administrator, postmarked or electronically submitted on or before the Claims Deadline. The Claim Form must be verified by the Settlement Class Member with an attestation that the claimant believes that the unreimbursed costs, losses, or expenditures claimed were incurred as a result of the Data Security Incident.

2.6.    Cash Payments for SSN Subclass Members. In addition to, or in the alternative to, making claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and/or claims for Extraordinary Losses, SSN Subclass Members may elect to receive a cash payment of up to $500 on a claims-made basis. The notice and claim forms will include the $500 cap on Cash Payments. Plaintiffs' counsel may select the font, size, and emphasis for the $500 cap on Cash Payments and

their placement within the notice and claim forms, subject to approval from Defendants' counsel, which shall not be unreasonably withheld.

Cash Payments for SSN Subclass Members will be subject to an aggregate cap of $300,000. If the aggregate amount of Cash Payments for SSN Subclass Members exceeds $300,000, such payments will be decreased *pro rata* to total of $300,000. If the aggregate amount of Cash Payments to SSN Subclass Members is less than $300,000, the remainder will be used to pay the claims for attested time by the Non-SSN Subclass Members.

2.7. <u>Claims for Attested Time by Non-SSN Subclass Members</u>. Non-SSN Subclass Members may submit a claim for up to 2 hours of time spent remedying issues related to the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Data Security Incident; and (2) the time associated with each action ("Non-SSN Attested Time").

If the aggregate amount of Approved Claims for Non-SSN Attested Time by Non-SSN Subclass Members exceeds the remaining amount of the Settlement Fund (after payment of Approved Claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time, Approved Claims for Extraordinary Losses, Cash Payments, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court), such claims will be decreased *pro rata* to consume the remaining amount of the Settlement Fund. If the aggregate amount of Approved Claims for Non-SSN Attested Time by Non-SSN Subclass Members is less the remaining amount of the Settlement Fund, such claims will be increased *pro rata* to consume the remaining amount of the Settlement Fund or up to $80 per claim, whichever occurs first. Any remainder will be used to increase the Cash Payments for SSN Subclass Members *pro rata*.

17

2.8.   <u>The Claim Form</u>.

2.8.1.   The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her knowledge and belief and is being made under penalty of perjury. Notarization shall not be required. The Settlement Class Member must reasonably attest that the out-of-pocket expenses and charges claimed were actually incurred, plausibly arose from the Data Security Incident, and, for claims for Extraordinary Losses, are fairly traceable to the Data Security Incident. Failure to provide supporting attestation and documentation as requested on the Claim Form and required under ¶¶ 2.5 or 2.7 shall result in denial of a claim. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.10.

2.8.2.   To be valid, claims must be complete and submitted to the Claims Administrator on or before the Claims Deadline.

2.8.3.   Settlement Class Members who submit a Claim Form must designate the method for payment of their claim on the Claim Form, which will include the receipt of payment via check by mail, or via PayPal, Zelle, Venmo, or such other electronic payment platform deemed efficient and appropriate by the Claims Administrator. Claim Forms failing to clearly make a single designation will receive a check by mail to the last known address on file with the Claims Administrator. In the event an electronic payment platform returns a payment to the Claims Administrator, no later than fourteen (14) days after being notified of the return of such payment, the Claims Administrator will mail a check to the Settlement Class Member's last known address on file with the Claims Administrator.

2.9.   <u>Data Security Practice Commitments</u>. For a period of 3 years following the execution of a formal settlement agreement, Defendants commit to pay for, implement and

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677AEEB88

continue the following data security practices: (1) implement and maintain use of a multi-factor authentication solution to gain access to Defendants' network via a virtual private network; (2) maintain a "whitelist" of jurisdictions for which IP address connectivity is permitted to Defendants' network; (3) maintain and update a set of centralized information security protocols, including policies for the retention and destruction of patient information; (4) centralize storage of vendor contracts and conduct periodic audits of those contracts and the information security terms therein; (5) conduct periodic internal audits and assessments of Defendants' policies related to the Health Insurance Portability and Accountability Act, and ensure that each section of these policies is updated accordingly; (6) implement and utilize a comprehensive vulnerability management tool to conduct vulnerability scans and facilitate enterprise-wide patching; (7) continue integration of encryption management solution to ensure all workstations are properly encrypted; (8) maintain role-based access controls for Defendants' patient management application; (9) integrate records stored on non-centralized servers into Defendants' patient management application, bringing legacy repositories under a central location; (10) implement and utilize endpoint detection response tool to facilitate endpoint protections and detection of malware; and (11) maintain annual cybersecurity awareness training requirements for employees.

Defendants retain the right to supersede the above-identified data security practices with measures that are as protective or more protective of the personal information within their custody and control.

Prior to the filing of a motion for preliminary settlement approval, Defendants will provide Plaintiffs' Counsel a good-faith estimate of the known, quantifiable costs of implementing and maintaining the above-identified data security practices during the 3-year period.

2.10.  <u>Dispute Resolution for Claims</u>.

2.10.1. The Claims Administrator will determine whether: (1) the claimant is a Settlement Class Member based on information to be provided to the Claims Administrator by Defendants' counsel; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to support the claimant's class membership and the expenses described in ¶¶ 2.2 and 2.3; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed unreimbursed cost, loss, or expenditure as a result of the Data Security Incident (collectively, "Facially Valid"). The Claims Administrator may, at any time, request from the claimant, in writing, additional information ("Claim Supplementation") as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed unreimbursed costs, losses, or expenditures, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

2.10.2. Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request Claim Supplementation and give the claimant thirty (30) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later. In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than six months from the

Effective Date. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.10.3. Following receipt of additional information requested as Claim Supplementation, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is Facially Valid, then the claim shall be paid. If the claim is not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Claims Administrator shall reject the claim without any further action.

2.10.4. Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination.

2.10.5. Within thirty (30) days of the Claims Deadline, the Claims Administrator shall provide the Settling Parties' counsel with a summary of Facially Valid Claims, stating the types of claims, the total approved claim amounts by claim type, and a description of the support provided for claims for reimbursement for Ordinary Out-of-Pocket Losses and/or Extraordinary Losses and Attested Time. Within fifteen (15) days after receiving such summary, one or more of the Settling Parties may object to any claim and instruct the Claims Administrator to withhold approval of said Facially Valid Claim so that the objecting party may seek review of said claim by a third-party Settlement Referee agreed upon by the Parties or appointed by the Court if no such agreement is reached and paid for by the objecting party.

2.11.   <u>Settlement Class Certification</u>. The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

2.12.   <u>Confidentiality of Information Submitted by Settlement Class Members</u>. Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by the Parties and the Claims Administrator.

**3.   <u>Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing</u>**

3.1.   As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel shall submit this Settlement Agreement to the Court as part of an unopposed motion for preliminary approval of the Settlement Agreement. The motion for preliminary approval shall request entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D** or an order substantially similar, requesting, *inter alia*:

a)   conditional certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.11;

b)   preliminary approval of this Settlement Agreement as set forth herein;

c)   the scheduling of a Final Fairness Hearing and briefing schedule for a Motion for Final Approval and for a Motion for Attorneys' Fees and Expenses and Service Award;

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771FEB83

d)      appointment of Proposed Class Counsel as Class Counsel;

e)      appointment of Representative Plaintiffs as Class Representatives;

f)      approval of a customary form of short notice to be mailed (and, where possible, emailed) to Settlement Class Members with an attached "tear off" claim form with prepaid postage for those who wish to make claims that do not require documentation, *e.g.*, Claims for Cash Payments ("Short Form Notice"), in a form substantially similar to the one attached hereto as **Exhibit B** and a customary long-form notice ("Long Form Notice") in a form substantially similar to the one attached hereto as **Exhibit C**, which together shall include a fair summary of the Parties' respective litigation positions, the general terms of the settlement set forth in this Settlement Agreement, instructions for how to object to or opt out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)      appointment of Kroll Settlement Administration, LLC as Claims Administrator; and

h)      approval of a Claim Form substantially similar to that attached hereto as **Exhibit A**.

The Notice and Claim Form shall be reviewed by the Claims Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

3.2.    <u>The Notice Program</u>. Within 7 days of an order directing class notice, Defendants will provide to the Claims Administrator a class list that includes Settlement Class Members' full names and last known addresses as reflected in Defendants' records. Notice shall be provided to Settlement Class Members in accordance with the Notice Program set forth below at ¶¶ 3.2.1 – 3.2.4. The Notice Program shall be subject to approval by the Court as meeting constitutional due process requirements. Prior to the Final Fairness Hearing, Proposed Class Counsel and/or the Claims Administrator shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with the Notice Program.

3.2.1. *Short Form Notice*. On or before the Class Notice Date, the Claims Administrator shall mail (and, where possible, email) the Short Form Notice, with an attached

"tear off" claim form with prepaid postage for those who wish to make claims that do not require documentation, *e.g.*, claims for Cash Payments, substantially in the form of **Exhibit B** hereto. The Claims Administrator shall mail a copy of the Short Form Notice via United States Postal Services ("USPS") first class mail to all Settlement Class Members for whom Defendants can ascertain a mailing address from their records with reasonable effort. For Settlement Class Members for whom Defendants are not able to ascertain a mailing address from their records with reasonable effort, the Claims Administrator shall use reasonable efforts to identify a mailing address and mail a copy of the Short Form Notice to such address. For any Short Form Notices that are returned undeliverable, the Claims Administrator shall use reasonable efforts to identify updated mailing addresses and resend the Short Form Notice to the extent updated addresses are identified. The Claims Administrator need make only one attempt to resend any Short Form Notices that are returned as undeliverable. The Claims Administrator shall email a copy of the Short Form Notice to all Settlement Class Members for whom Defendants can ascertain an email address from their records with reasonable effort.

3.2.2. *Long Form Notice*. On or before the Class Notice Date, the Claims Administrator shall post the Long Form Notice on the settlement website in the form agreed to by the Parties and approved by the Court.

3.2.3. *Settlement Website*. As soon as practicable following entry of the Preliminary Approval Order, but prior to the Class Notice Date, the Claims Administrator shall establish a dedicated settlement website and shall maintain and update the website throughout the Claims Period, and shall post on the website the Long Form Notice and Claim Form approved by the Court, as well as this Settlement Agreement, the Motion for Final Approval of Class Action Settlement, the Motion for Attorneys' Fees and Expenses and Service Award, the Preliminary

Approval Order, and the Final Approval Order and Judgment. The URL of the settlement website shall be agreed upon by Class Counsel and Defendant. The settlement website shall remain operational until at least five (5) business days after the last payment or credit under this Settlement Agreement is terminated.

        3.2.4. *Toll-Free Help Line*. From the Class Notice Date and thereafter until at least five (5) Business Days after the last payment under this Settlement Agreement is made or the settlement is terminated, the Claims Administrator shall establish and maintain a toll-free help line for Settlement Class Members to call with settlement-related inquiries, with the option to leave a message and request a call back, with such calls being returned within three (3) business days, and answering the questions of Settlement Class Members, to the extent possible, who call with or otherwise communicate such inquiries. The Claims Administrator also will provide copies of the forms of the Long Form Notice and Claim Form approved by the Court, as well as this Settlement Agreement, upon request.

    3.3.    The Long Form Notice, Short Form Notice and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.

    3.4.    Within ten (10) days of the filing of the Motion for Preliminary Approval, the Claims Administrator shall provide the CAFA Notice as required by 28 U.S.C. § 1715(b). The cost of the CAFA Notice shall be paid from the Settlement Fund.

    3.5.    The Notice Program shall commence by the Class Notice Date and shall be completed within sixty (60) days after entry of the Preliminary Approval Order.

    3.6.    Proposed Class Counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39671EEB88

## 4. **Opt-Out Procedures**

4.1.    Each individual wishing to exclude themselves from the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. Individuals wishing to opt out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. The written notice must clearly manifest an individual's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked by the Opt-Out Date. All opt-out requests sent to anyone other than the Claims Administrator, including requests previously sent to Proposed Class Counsel and/or Defendants' counsel, are ineffectual and shall be deemed null and void.

4.2.    All individuals who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All individuals falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3.    Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Class Counsel and Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List"). No later than 10 days prior to the Final Fairness Hearing, Class Counsel shall file this Opt-Out List with the Court for purposes of being attached to the Judgment to be entered upon final approval.

## 5. **Objection Procedures**

5.1.     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the name or caption of this Litigation; (ii) the objector's full name, address, telephone number, and e-mail address (if any); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of all counsel representing the objector; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a statement identifying all class action settlements objected to by the objector in the previous 5 years; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any. To be timely, written notice of an objection in the appropriate form must be: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court for the United States District Court for the Eastern District of Michigan and postmarked by no later than the Objection Date. Objections must also be served concurrently with their filing or mailing upon Proposed Class Counsel and counsel for Defendants either via the Court's electronic filing system (if filed electronically) or via U.S. mail (if mailed to the Clerk of Court) at the addresses set forth below for Proposed Class Counsel and Defendants' counsel in the signature blocks at the end of this Agreement.

5.2.     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39671EEB83

for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

5.3.    The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector were a party in the Litigation, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond to any written discovery within fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed.

## 6.    **Release**

6.1.    Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Defendants, the Related Entities and the Released Persons from all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, on their own behalf or on behalf of any class or other person or entity, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action, regulatory action, arbitration, or court or other proceeding in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim is asserted.

**7. Proposed Class Counsel's Attorneys' Fees and Expenses; Service Award to Representative Plaintiff**

7.1.    The Settling Parties did not discuss the payment of attorneys' fees and litigation expenses and/or service awards to Representative Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that the Settlement Fund would be used to pay reasonable attorneys' fees and litigation expenses and service awards to Representative Plaintiffs as may be agreed to by Defendants and Proposed Class Counsel and/or as ordered by the Court, or, in the event of no agreement, then as ordered by the Court. Defendants and Proposed Class Counsel have agreed to the following:

7.2.    Defendants take no position on an application by Proposed Class Counsel for an award of attorneys' fees not to exceed one third of the Settlement Fund ($900,000.00) and litigation costs and expenses in an amount not to exceed $25,000.00, subject to Court approval. The Claims Administrator shall, from the Settlement Fund, pay any attorneys' fee and expenses award approved by the Court.

7.3.    Defendants take no position on an application by Representative Plaintiffs for service awards not to exceed $2,500.00. The Claims Administrator shall, from the Settlement Fund, pay any service awards approved by the Court. This service awards shall be separate and apart from any other sums agreed under this Settlement Agreement and the request for service awards is not a condition to the Representative Plaintiffs' approval of this settlement.

7.4.    The Claims Administrator shall, from the Settlement Fund, pay the Court-approved amount of attorneys' fees and expenses to Proposed Class Counsel and the Court-approved service award to Representative Plaintiffs within ten (10) days after the Effective Date. Proposed Class Counsel shall provide payment instructions and completed W-9 Forms prior to the deadline for these payments and the Claims Administrator shall issue IRS Forms 1099-MISC to Representative

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39671FEEB88

Plaintiffs solely for the amount awarded by the Court for the Representative Plaintiffs' service awards. Neither Class Counsel nor counsel for Defendants intend anything contained herein to constitute legal advice concerning the tax consequences of any amount paid hereunder nor shall it be relied on as such.

7.5.     If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court), Defendants shall have no obligation to pay attorneys' fees and litigation costs or expenses or service awards and shall only be required to pay costs and expenses related to notice and administration that were already incurred. Under no circumstances will Proposed Class Counsel or any Settlement Class Member be liable for any costs or expenses related to notice or administration.

7.6.     The amount(s) of any award of attorneys' fees and expenses and the service award are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees and expenses and/or any service award ordered by the Court to Proposed Class Counsel or Representative Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.  **Administration of Claims**

8.1.     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2. Proposed Class Counsel and Defendants' counsel shall be given reports as to both claims and distribution and have the right to review and obtain supporting documentation and challenge any such claim if they believe it to be inaccurate or inadequate. The

DocuSign Envelope ID: B93586C3-6B1D-4955-83B5-B39677EEB82

Claims Administrator's final determination of the validity or invalidity of any claims shall be binding, subject to the Dispute Resolution process set forth in ¶ 2.10.

8.2.     Payments for Approved Claims shall be sent to the claimants within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later. No Approved Claims shall be paid until after the Effective Date. If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court) prior to the payment of Approved Claims, Defendants shall have no obligation to pay such claims and shall only be required to pay costs and expenses related to notice and administration that were already incurred.

8.3.     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4.     No individual shall have any claim against the Claims Administrator, Defendants, Proposed Class Counsel, Representative Plaintiffs, and/or Defendants' counsel based on distribution of benefits to Settlement Class Members.

8.5.     The Parties, Proposed Class Counsel, and Defendants' counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Claims Administrator, or any of its respective designees or agents, in connection with the Claims Administration or otherwise; or (ii) the determination, rejection, administration, calculation or payment of any Claims.

9.  **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1.    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      the Court has entered the Preliminary Approval Order, as required by ¶ 3.1;

b)      the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

c)      the Judgment has become Final, as defined in ¶ 1.15.

9.2.    If all of the conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.3 unless Proposed Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3.    In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation as if the Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue) and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party, and (ii) the terms and provisions of the Settlement Agreement shall be void and have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, including but not limited to ¶ 9.4, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees and litigation costs or expenses and/or the service award shall constitute grounds for cancellation or termination of the Settlement Agreement. Further,

notwithstanding any statement in this Settlement Agreement to the contrary, Defendants shall be obligated to pay amounts already billed or incurred for costs of Notice and Claims Administration and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

9.4.    This Settlement Agreement may be terminated and/or cancelled by any of the Parties if (i) the Court rejects, materially modifies, materially amends, or changes, or declines to preliminarily approve or finally approve the Settlement Agreement apart from the award of attorneys' fees and expenses; (ii) an appellate court reverses the Preliminary Approval Order and/or Judgment, and the Settlement Agreement is not reinstated and finally approved without material change by the Court on remand; or (iii) the Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the Preliminary Approval Order, the proposed Judgment, the Judgment, or the Settlement Agreement, other than the amount of attorneys' fees and expenses.

## 10. Non-Disparagement

10.1.    Representative Plaintiffs shall not make, publish, or state, or cause to be made, published, or stated, any defamatory or disparaging statement, writing or communication pertaining to Defendants, or their directors, officers, and employees, and/or affiliates, and Related Entities.

## 11. Miscellaneous Provisions

11.1.    The Settling Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement; (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement; (iii) and agree to exercise their

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39671FFEB88

commercially reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2.    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, that it reflects a settlement that was reached voluntarily after consultation with competent legal counsel, and that for the purpose of construing or interpreting this Agreement, the Settling Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that neither Party shall have any liability to one another as it relates to the Litigation, except as set forth herein.

11.3.    Neither the Settlement Agreement, nor the settlement terms contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. If this Agreement does not become effective or is cancelled, withdrawn, or terminated for any reason, the Agreement along with all related communications and documents exchanged in connection with the Agreement and

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39677 1EEB88

mediation between the Parties shall be deemed a negotiation for settlement purposes only under Federal Rule of Procedure 408 and will not be admissible in evidence or usable for any purposes whatsoever in the Litigation or any proceedings between the Parties or in any other action related to the Released Claims or otherwise involving the Parties or any Released Person. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

    11.4.   The terms of this Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approved by the Court; provided, however, that after enter of the Preliminary Approval order, the Parties may by written agreement, effect such amendments or modifications of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

    11.5.   The Settlement Agreement, together with the **Exhibits attached hereto**, constitutes the entire agreement among the Parties hereto, and no representations, warranties or inducements have been made to any Party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This agreement supersedes all previous agreements made between Representative Plaintiffs and Defendants.

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B396711FEB88

11.6.    Proposed Class Counsel, on behalf of the Settlement Class, is expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

11.7.    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the release contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon her or its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

11.8.    If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Agreement shall refer to calendar days unless otherwise specified.

11.9.    Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties, through their respective counsel, shall consult with each other in good faith prior to seeking Court intervention.

11.10.  Each counsel or other individual executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such individual has the full authority to do so.

DocuSign Envelope ID: B93586C3-6B1D-4055-82B5-B39677HEEB88

11.11. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

11.12. The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

11.13. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

11.14. The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the state of Michigan, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the state of Michigan.

11.15. The Final Fairness Hearing shall be scheduled no earlier than: (i) 100 days after the notices are made in order to comply with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d); or (ii) 14 days after the Claims Deadline, whichever is later.

11.16. As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it.''

11.17. All dollar amounts are in United States dollars (USD).

11.18. Cashing a settlement check (whether paper or electronic) is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks and electronic payments shall be void sixty (60) days after issuance and the checks or emails containing the links to the electronic payments shall bear the language: "This check[/payment] must be

DocuSign Envelope ID: B93586C3-6B1D-405F-83B5-B39677 1FEB88

cashed[/accepted] within 60 days, after which time it is void." If a check or electronic payment becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and the funds shall be disbursed to a *cy pres* recipient to be agreed upon by the parties and approved by the Court or, if they cannot agree, selected by the Court. The same provisions shall apply to any re-issued check or electronic payment. For any checks or electronic payments that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks or electronic payments become void.

11.19.  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

## AGREED TO BY:

By: _____
Patrick A. Barthle II (*interim co-lead counsel*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 229-4023
Email: *pbarthle@ForThePeople.com*

Joseph M. Lyon (*interim co-lead counsel*)
**THE LYON FIRM**
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

*Proposed Class Counsel*

Date: _____
6/27/2024

By: _____
Sean G. Wieber
Kevin P. Simpson
**WINSTON & STRAWN LLP**
35 W. Wacker Dr.
Chicago, IL 60601
Tel.: 312-558-5600
Fax: 312-558-5700
SWieber@winston.com
KPSimpson@winston.com

*Attorneys for Defendants*

DocuSign Envelope ID: B93586C3-6B1D-405E-83BE-B396771FEB88

# EXHIBIT A

*In re Great Expressions Data Security Incident Litigation*
*Case No. 2:23-cv-11185 (Eastern District of Michigan)*

<u>**Great Expressions Settlement**</u>

**"SSN SUBCLASS MEMBERS" CLAIM FORM FOR UP TO $500 CASH PAYMENT AND REIMBURSEMENT OF ORDINARY OUT-OF-POCKET LOSSES AND <u>ORDINARY ATTESTED TIME AND/OR EXTRAORDINARY LOSSES</u>**

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT WEBSITE] NO LATER THAN [INSERT DATE].**

***ATTENTION****: This Claim Form is to be used by "SSN Subclass Members" (Settlement Class Members whose Social Security numbers were potentially accessed or acquired during the Data Security Incident) to apply for relief related to the Data Security Incident that occurred between February 17, 2023 and February 22, 2023 and potentially affected current and former employees and patients of customers/licensees of ADG, LLC d/b/a Great Expressions Dental Centers ("ADG") and Great Expressions Dental Centers, P.C. ("GEDC") (collectively, "Defendants"). The types of relief for which these individuals may be eligible are, for all SSN Subclass Members,*

(i)   *<u>**A Cash Payment of up to $500.00.**</u>  In addition to, or in the alternative to, making claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and/or claims for Extraordinary Losses, SSN Subclass Members may elect to receive a cash payment of up to $500.*

(ii)   *Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual for unreimbursed costs, losses, or expenditures incurred in responding to notice of the Data Security Incident that were incurred between February 17, 2023 and the Claims Deadline,*

(iii)   *Whether or not they incurred Ordinary Out-of-Pocket Losses, SSN Subclass Members may also submit a claim for up to 2 hours of time spent responding to receiving notice of the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief description of: (1) the actions taken in response to receiving notice of the Data Security Incident; and (2) the time associated with each action ("Ordinary Attested Time"), and/or*

(iv)   *Reimbursement of Extraordinary Losses up to $5,000 per individual for unreimbursed costs, losses, or expenditures that are fairly traceable to the Data Security Incident and not reimbursable as Ordinary Out-of-Pocket Losses.*

*Cash Payments will be subject to an aggregate cap of $300,000. If the aggregate amount of Cash Payments exceeds $300,000, such payments will be decreased pro rata to total of $300,000. Approved Claims for Ordinary Out-of-Pocket Losses and Attested Time and Extraordinary Losses for SSN Subclass Members will be subject to an aggregate cap of $150,000. If the aggregate amount of Approved Claims for Ordinary Out-of-Pocket Losses and Attested Time and Extraordinary Losses for SSN Subclass Members exceeds $150,000, such claims will be decreased pro rata to total of $150,000.*

*To submit a Claim, you must have been identified as a potential Settlement Class Member from Defendants' business records and received Notice of this Settlement with a **unique Claim Number**.*

***PLEASE BE ADVISED*** *that any documentation you provide must be submitted* ***WITH*** *this Claim Form.*

***Note that you MUST separately apply for Ordinary Out-of-Pocket Losses, including Attested Time, and/or Extraordinary Losses using this claim form.***

***CLAIM VERIFICATION:*** *All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.*

***ASSISTANCE: If you have questions about this Claim Form, please visit the Settlement website at [INSERT] for additional information or call [INSERT PHONE NUMBER].***

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

## REGISTRATION

First Name:  MI:  Last Name:

Mailing Address:

City:  State:  ZIP Code:

Telephone Number:

Email Address:

**Please provide the Claim Number identified in the notice that was e-mailed to you:**

*Instructions. Please follow the instructions below and answer the questions as instructed.*

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B396771EEB83

## CLAIM INFORMATION

*Section A. Confirm Your Eligibility*

**Did you receive a unique Claim Number indicating that you may be a member of the Settlement Class**?

□ Yes □ No

> *If yes, you are a member of the Settlement Class and may file a claim.*

> *If no, you are not a member of the Settlement Class and do not qualify to file a Claim.*

**Would you like to make a claim for a Cash Payment of up to $500?** *If yes, check the appropriate box(es) below:*

☐ **I would like a Cash Payment of up to $500**

**Did you incur any unreimbursed costs, losses, or expenditures (i) as a result of receiving notice of the Data Security Incident or (ii) that are fairly traceable to the Data Security Incident? For example, did you:**

1. *Incur unreimbursed costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency?*

2. *Incur unreimbursed miscellaneous expenses related to notary, fax, postage, copying, mileage, or long-distance telephone charges?*

3. *Incur unreimbursed costs for credit monitoring or other mitigative costs?*

4. *Incur unreimbursed costs as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information?*

□ Yes □ No

> *If yes, you may be eligible to fill out **Section B** of this form and provide corroborating documentation.*

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771FEB83

**Section B.**

**Reimbursement for Ordinary Out-of-Pocket Losses**

*If you incurred unreimbursed costs, losses, or expenditures in responding to notice of the Data Security Incident that were incurred between February 17, 2023 and the Claims Deadline, you may be eligible to receive a payment to compensate you for these costs, losses, or expenditures.*

*Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of-Pocket Losses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.*

*If it is verified that you meet all the criteria described in the Settlement Agreement, and you **submit proof** of your unreimbursed costs and expenditures and the dollar amount of those costs and expenditures, you will be eligible to receive reimbursement of up to $500.00.*

*Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" that documents the costs incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.*

*Providing adequate proof of your unreimbursed costs, losses, and expenditures does not ensure that you will be entitled to receive the full amount claimed. All Claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the amount of Ordinary Out-of-Pocket Losses exceeds the funds available under the Settlement Agreement, then Claims for Ordinary Out-of-Pocket Losses and Attested Time will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.*

*Approved Claims for Ordinary Out-of-Pocket Losses will be paid directly to you electronically, unless you request to be paid by check as indicated below.*

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771FEB83

For each unreimbursed cost or expenditure that you incurred in responding to notice of the Data Security Incident, please provide documentation supporting the cost or expenditure and, if the nature of the cost or expenditure is not apparent from the documentation alone, a brief description of the documentation describing the nature of the cost or expenditure.

**You must provide ALL this information for this Claim to be processed**. Supporting documentation must be submitted electronically or mailed to the Claims Administrator. Please make electronic submissions as part of this Claim Form at [Insert Website] and provide the additional information required below. **If you fail to provide sufficient supporting documentation, the Settlement Administrator will deny your Claim.** Please provide only copies of your supporting documentation and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. With the exception of your name, mailing address, email address, and phone number, supporting documentation will not be provided to Defendants in this action. Please do not directly communicate with Defendants regarding this matter. All inquiries are to be sent to the Claims Administrator.

*Examples of such costs, losses, or expenditures include (1) costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs. These are only examples and do not represent a complete list of costs, losses, or expenditures eligible for reimbursement.*

*Examples of documentation include receipts.*

| Description of the Loss | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7 – 1 7 – 2 0 MM DD YY | $50.00 | Copy of identity theft protection service bill |
| Example: Fees paid to a professional to remedy a falsified tax return | 0 2 – 3 0 – 2 1 MM DD YY | $25.00 | Copy of the professional services bill |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39671AEEB82

**Reimbursement for Ordinary Attested Time**

❏ If you spent between one (1) and two (2) hours of time responding to receiving notice of the Data Security Incident you may claim reimbursement for Attested Time.

❏ 1 Hour    ❏ 2 Hours

Please provide a brief description of (1) the actions you took in response to the Security Incident; and (2) the time associated with each action:

_____

_____

_____.

**Attestation (You must check the box below to obtain compensation for lost time)**

❏ I attest under penalty of perjury that I spent the number of hours claimed above responding to receiving notice of the Data Security Incident.

*Approved Claims for Ordinary Attested Time will be paid directly to you electronically, unless you request to be paid by check as indicated below.*

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677...

**Reimbursement for Extraordinary Losses**

*If you incurred unreimbursed costs, losses, or expenditures that are fairly traceable to the Data Security Incident and not reimbursable as Ordinary Out-of-Pocket Losses, you may be eligible to receive a payment to reimburse you for these costs, losses, or expenditures.*

*Extraordinary Losses will be deemed "fairly traceable" to the Data Security Incident if (1) the timing of the cost or expenditure occurred on or after February 17, 2023; and (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was potentially impacted in the Data Security Incident.*

*Extraordinary Losses may include, without limitation, the unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information.*

*If it is verified that you meet all the criteria described in the Settlement Agreement, and you **submit proof** of your unreimbursed costs, losses, and expenditures and the dollar amount of those unreimbursed costs, losses, and expenditures, you will be eligible to receive reimbursement of your documented unreimbursed costs and expenditures of up to $5,000.00.*

*Documentation supporting Extraordinary Losses can include receipts or other documentation not "self-prepared" that documents the unreimbursed costs, losses, or expenditures incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.*

*Providing adequate proof of your unreimbursed costs, losses, and expenditures does not ensure that you will be entitled to receive the full amount claimed. All Claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the aggregate amount of Extraordinary Losses and Attested Time claimed exceeds the funds available under the Settlement Agreement, then Claims for Extraordinary Losses and Attested Time will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.*

*Approved Claims for Extraordinary Losses will be paid directly to you electronically, unless you request to be paid by check as indicated below.*

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677 1FEB83

For each unreimbursed cost, loss, or expenditure you incurred that is fairly traceable to the Data Security Incident and not reimbursable as Ordinary Out-of-Pocket Losses, please provide documentation supporting the cost or expenditure and, if the nature of the cost or expenditure is not apparent from the documentation alone, a brief description of the documentation describing the nature of the cost or expenditure.

 **You must provide ALL this information for this Claim to be processed**. Supporting documentation must be submitted electronically or mailed to the Claims Administrator. Please make electronic submissions as part of this Claim Form at [Insert Website] and provide the additional information required below. **If you fail to provide sufficient supporting documentation, the Settlement Administrator will deny your Claim,** Please provide only copies of your supporting documentation and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. With the exception of your name, mailing address, email address, and phone number, supporting documentation will not be provided to Defendants in this action. Please do not directly communicate with Defendants regarding this matter. All inquiries are to be sent to the Claims Administrator.

*Examples of such costs, losses, or expenditures include unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information.*

*Examples of documentation include receipts.*

| Description of the Loss | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7 – 1 7 – 2 0    MM DD YY | $50.00 | Copy of identity theft protection service bill |
| Example: Fees paid to a professional to remedy a falsified tax return | 0 2 – 3 0 – 2 1    MM DD YY | $25.00 | Copy of the professional services bill |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |
| | MM DD YY | $ | |

DocuSign Envelope ID: B93586C3-6B1D-405E-83BE-B396771EEB83

**Section C. Payment**

If your Claim is approved, you will receive payment under this Settlement electronically. If you do not wish to receive an electronic payment, payment will be in the form of a check sent to the mailing address you provided above.

Please check the box if you **do not** want to receive your payment electronically: ☐

If you wish to receive an electronic payment, you may receive it in the following manners:

[Settlement Administrator to provide for electronic payment manners and instructions]

**Section D. Settlement Class Member Affirmation**

By submitting this Claim Form and checking the box below, I declare that I received notification from Defendants that I have been identified as a potential Settlement Class Member. If I have submitted a Claim for Ordinary Out-of-Pocket Losses and/or Attested Time and/or Extraordinary Losses, I declare that I incurred the claimed unreimbursed costs, losses, or expenditures and that I believe they were incurred as a result of the Data Security Incident.

I understand that my Claim and the information provided above will be subject to verification.

I also understand that I may not be entitled to recover under this Settlement if I am employed by and/or affiliated with the Judge or Magistrate presiding over this action, and/or am an officer, director, member, or shareholder of Defendants.

By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

☐  **Yes, I understand that my failure to check this box may render my Claim null and void.**

Please include your name in both the Signature and Printed Name fields below.

Signature: _____          Date: ☐☐ – ☐☐ – ☐☐
                                                                      MM       DD      YY

Printed Name: _____

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT WEBSITE] NO LATER THAN [90 days after the Class Notice Date].**

*In re Great Expressions Data Security Incident Litigation*
*Case No. 2:23-cv-11185 (Eastern District of Michigan)*

### Great Expressions Settlement

### "NON-SSN SUBCLASS MEMBERS" CLAIM FORM FOR ATTESTED TIME

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT WEBSITE] NO LATER THAN [INSERT DATE].**

*ATTENTION: This Claim Form is to be used by "Non-SSN Subclass Members" (Settlement Class Members whose Social Security numbers were not potentially accessed or acquired during the Data Security Incident) to apply for relief related to the Data Security Incident that occurred between February 17, 2023 and February 22, 2023 and potentially affected current and former employees and patients of customers/licensees of ADG, LLC d/b/a Great Expressions Dental Centers ("ADG") and Great Expressions Dental Centers, P.C. ("GEDC") (collectively, "Defendants"). The types of relief for which these individuals may be eligible are, for all Non-SSN Subclass Members,*

    (i)    *Non-SSN Subclass Members may submit a claim for up to 2 hours of time spent remedying issues related to the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Data Security Incident; and (2) the time associated with each action ("Non-SSN Attested Time").*

*Per the Settlement Agreement, if the aggregate amount of Approved Claims for Non-SSN Attested Time by Non-SSN Subclass Members exceeds the remaining amount of the Settlement Fund, such claims will be decreased pro rata to consume the remaining amount of the Settlement Fund. If the aggregate amount of Approved Claims for Non-SSN Attested Time by Non-SSN Subclass Members is less the remaining amount of the Settlement Fund, such claims will be increased pro rata to consume the remaining amount of the Settlement Fund or up to $80 per claim, whichever occurs first. Any remainder will be used to increase the Cash Payments for SSN Subclass Members pro rata.*

*To submit a Claim, you must have been identified as a potential Settlement Class Member from Defendants' business records and received Notice of this Settlement with a **unique Claim Number**.*

**PLEASE BE ADVISED** *that any documentation you provide must be submitted* **WITH** *this Claim Form.*

**CLAIM VERIFICATION:** *All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.*

**ASSISTANCE: If you have questions about this Claim Form, please visit the Settlement website at [INSERT] for additional information or call [INSERT PHONE NUMBER].**

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

### REGISTRATION

First Name:                        MI:    Last Name:

Mailing Address:

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677 1EEB88

City:

State: ZIP Code:

Telephone Number:

Email Address:

**Please provide the Claim Number identified in the notice that was e-mailed to you:**

*Instructions*. *Please follow the instructions below and answer the questions as instructed.*

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677 1FEB88

## CLAIM INFORMATION

*Section A. Confirm Your Eligibility*

**Did you receive a unique Claim Number indicating that you may be a member of the Settlement Class**?

☐ Yes ☐ No

> *If yes, you are a member of the Settlement Class and may file a claim.*

> *If no, you are not a member of the Settlement Class and do not qualify to file a Claim.*

**Did you spend time remedying issues related to the Data Security Incident?**

☐ Yes ☐ No

> *If yes, you may be eligible to fill out **Section B** of this form and provide corroborating documentation.*

**Section B.**

**Reimbursement for Non-SSN Attested Time**

❏ If you spent between one (1) and two (2) hours of time responding to receiving notice of the Data Security Incident you may claim reimbursement for Non-SSN Attested Time.

❏ 1 Hour       ❏ 2 Hours

Please provide a brief description of (1) the actions you took in response to the Security Incident; and (2) the time associated with each action:

_____

_____

_____.

**Attestation (You must check the box below to obtain compensation for lost time)**

❏ I attest under penalty of perjury that I spent the number of hours claimed above responding to receiving notice of the Data Security Incident.

*Approved Claims for Non-SSN Attested Time will be paid directly to you electronically, unless you request to be paid by check as indicated below.*

**Section C. Payment**

If your Claim is approved, you will receive payment under this Settlement electronically. If you do not wish to receive an electronic payment, payment will be in the form of a check sent to the mailing address you provided above.

Please check the box if you **do not** want to receive your payment electronically: ☐

If you wish to receive an electronic payment, you may receive it in the following manners:

[Settlement Administrator to provide for electronic payment manners and instructions]

**Section D. Settlement Class Member Affirmation**

By submitting this Claim Form and checking the box below, I declare that I received notification from Defendants that I have been identified as a potential Settlement Class Member. If I have submitted a Claim for Non-SSN Attested Time, I declare that I incurred the claimed unreimbursed costs, losses, or expenditures and that I believe they were incurred as a result of the Data Security Incident.

I understand that my Claim and the information provided above will be subject to verification.

I also understand that I may not be entitled to recover under this Settlement if I am employed by and/or affiliated with the Judge or Magistrate presiding over this action, and/or am an officer, director, member, or shareholder of Defendants.

By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

☐ **Yes, I understand that my failure to check this box may render my Claim null and void.**

Please include your name in both the Signature and Printed Name fields below.

Signature: _____    Date: [ ][ ] – [ ][ ] – [ ][ ]
                                                    MM        DD        YY

Printed Name: _____

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT WEBSITE] NO LATER THAN [90 days after the Class Notice Date].**

# EXHIBIT B

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39671EEB382

Front of Short Notice

Claims Administrator
In re Great Expressions Data Security Incident Litigation
PO Box TBD
[CITY/STATE/ZIP]

Unique ID: <Unique ID>

Legal Notice

If you are an individual U.S. resident to whom ADG, LLC d/b/a Great Expressions Dental Centers and Great Expressions Dental Centers, P.C. (collectively, "Defendants") sent notice of a Data Security Incident, a class action settlement may affect your rights.

Back of Short Notice

A proposed Settlement has been reached in a class action lawsuit titled, *In re Great Expressions Data Security Incident Litigation*, No. 2:23-cv-11185 (E.D. Mich.) (the "Lawsuit"). The lawsuit asserts claims against Defendants related to a data security incident that occurred in February 2023 (the "Data Security Incident"). Defendants notified potentially impacted individuals beginning in May 2023.

**Who is Included?** **Records indicate that you may be a member of the SSN Subclass.** The SSN Subclass is defined by the Court as all individual U.S. residents to whom Defendants sent notice that their personal information was potentially impacted in the Data Security Incident and whose Social Security numbers were potentially accessed or acquired in the Data Security Incident.

**What does the Settlement Provide?** The proposed Settlement would create a Settlement Fund of $2,700,000.00 that would be used to pay all costs of the Settlement, including: (1) reimbursement for Ordinary Out-of-Pocket Losses and Attested Time (SSN Subclass Members only); (2) reimbursement for Extraordinary Losses (SSN Subclass Members only); (3) Cash Payments of up to $500 (SSN Subclass Members only); (4) reimbursement for Non-SSN Attested Time (Non-SSN Subclass Members only); (5) notice and administration costs; (6) service award payments, as may be approved by the Court (up to $2,500.00 each); and (7) attorneys' fees (up to one third of the Settlement Fund or $900,000.00**)** and expenses (up to $25,000.00), as may be awarded by the Court. The Settlement also releases all claims or potential claims of Settlement Class Members against Defendants arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

**How To Get Benefits:** SSN Subclass Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund: (1) **a Cash Payment of up to $500.00**, (2) Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual, including Attested Time for up to 2 hours of time spent responding to the Data Security Incident at a rate of $20 per hour, (3) Reimbursement of Extraordinary Losses up to $5,000 per individual.  Depending on how many valid claims are submitted, the amounts of the

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677 1FEB88

reimbursements and Cash Payments will be adjusted upward (to the maximum amounts described above) or downward proportionally among Settlement Class Members submitting valid claims. Claim Forms must be postmarked or submitted online at **TBD** by TBD.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **TBD.** If you do not exclude yourself, you will give up any right to sue Defendants for the claims that this Settlement resolves as more fully described in the Settlement Agreement, available at the Settlement website. If you do not exclude yourself, you may object to the Settlement by **TBD.**

The Court has scheduled a Final Fairness Hearing in this case for **TBD**, to decide whether to approve the Settlement. The Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. You or your own lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing could reschedule to a different date or time, so please check the Settlement website for those details.

**More Information.** Complete information about your rights and options, as well as important documents (including the Settlement Agreement) are available at TBD. You may also call toll-free TBD.

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771EEB88

Front of Tear-Off Claim Form (Postage Prepaid)

Claims Administrator
In re Great Expressions Data Security Incident Litigation
PO Box TBD
[CITY/STATE/ZIP]


Claim for a Cash Payment

Unique ID: <Unique ID>

Back of Tear-Off Claim Form (Postage Prepaid)

***Tear-Off Claim Form for SSN Subclass Claims That Do Not Require Documentation***

Claims for **a Residual Cash Payment of up to $500** or Ordinary Attested Time do not require documentation and may be submitted using this tear-off claim form, for which the postage is prepaid.

Please select below the claim(s) you would like to make (insert an "X" in the box):

☐     **I would like a Cash Payment of up to $500**

☐     **I attest under penalty of perjury that I spent ☐ 1 Hour ☐ 2 Hours of time responding to receiving notice of the Data Security Incident.**

**Below is a brief description of (1) the actions I took in response to the Data Security Incident; and (2) the time associated with each action:**

_____

_____

_____.

**Select from one of the following payment methods:**
☐ PayPal    ☐ Venmo    ☐ Zelle    ☐ Virtual Prepaid Card    ☐ Check

Please provide the email address or phone number associated with your PayPal, Venmo, or Zelle account, or an email address for the Virtual Prepaid card:
_____

Claims for Reimbursement of Ordinary Out-of-Pocket Losses and/or Extraordinary Losses require supporting documentation and cannot be made using this tear-off claim form. Any such claims

should be submitted through the settlement website at TBD or by mailing a completed full claim form (available on the settlement website) and supporting documentation to the settlement administrator.

<u>Verification & Signature</u>: I swear under penalty of perjury under the laws of the United States that the information in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____

Printed Name: _____ Date: _____

Front of Short Notice

Claims Administrator
In re Great Expressions Data Security Incident Litigation
PO Box TBD
[CITY/STATE/ZIP]

Unique ID: <Unique ID>

Legal Notice

If you are an individual U.S. resident to whom ADG, LLC d/b/a Great Expressions Dental Centers and Great Expressions Dental Centers, P.C. (collectively, "Defendants") sent notice of a Data Security Incident, a class action settlement may affect your rights.

Back of Short Notice

A proposed Settlement has been reached in a class action lawsuit titled, *In re Great Expressions Data Security Incident Litigation*, No. 2:23-cv-11185 (E.D. Mich.) (the "Lawsuit"). The Lawsuit asserts claims against Defendants related to a data security incident that occurred in February 2023 (the "Data Security Incident"). Defendants notified potentially impacted individuals beginning in May 2023.

**Who is Included?** **Records indicate that you may be a member of the Non-SSN Subclass.** The Non-SSN Subclass is defined by the Court as all individual U.S. residents to whom Defendants sent notice that their personal information was potentially impacted in the Data Security Incident but whose Social Security numbers were not potentially accessed or acquired in the Data Security Incident.

**What does the Settlement Provide?** The proposed Settlement would create a Settlement Fund of $2,700,000.00 that would be used to pay all costs of the Settlement, including: (1) reimbursement for Ordinary Out-of-Pocket Losses and Attested Time (SSN Subclass Members only); (2) reimbursement for Extraordinary Losses (SSN Subclass Members only); (3) Cash Payments of up to $500 (SSN Subclass Members only); (4) reimbursement for Non-SSN Attested Time (Non-SSN Subclass Members only); (5) notice and administration costs; (6) service award payments, as may be approved by the Court (up to $2,500.00 each); and (7) attorneys' fees (up to one third of the Settlement Fund or $900,000.00**)** and expenses (up to $25,000.00), as may be awarded by the Court.  The Settlement also releases all claims or potential claims of Settlement Class Members against Defendants arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

**How To Get Benefits:** Non-SSN Subclass Members who submit valid claims and any required documentation may receive payment for Non-SSN Attested Time for up to 2 hours of time spent responding to the Data Security Incident at a rate of $20 per hour.  Depending on how many valid claims are submitted, the amounts of the Non-SSN Attested Time payments will be adjusted upward (to the maximum amounts described above) or downward proportionally among

Settlement Class Members submitting valid claims. Claim Forms must be postmarked or submitted online at **TBD** by TBD.

**<u>Your Other Options.</u>** If you do not want to be legally bound by the Settlement, you must exclude yourself by **TBD.** If you do not exclude yourself, you will give up any right to sue Defendants for the claims that this Settlement resolves as more fully described in the Settlement Agreement, available at the Settlement website. If you do not exclude yourself, you may object to the Settlement by **TBD.**

The Court has scheduled a Final Fairness Hearing in this case for **TBD**, to decide whether to approve the Settlement. The Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. You or your own lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing could reschedule to a different date or time, so please check the Settlement website for those details.

**<u>More Information.</u>** Complete information about your rights and options, as well as important documents (including the Settlement Agreement) are available at TBD. You may also call toll-free TBD.

Front of Tear-Off Claim Form (Postage Prepaid)

Claims Administrator
In re Great Expressions Data Security Incident Litigation
PO Box TBD
[CITY/STATE/ZIP]


Claim for a Cash Payment

Unique ID: <Unique ID>

Back of Tear-Off Claim Form (Postage Prepaid)

***Tear-Off Claim Form for Non-SSN Subclass Claims That Do Not Require Documentation***

Claims for Non-SSN Attested Time do not require documentation and may be submitted using this tear-off claim form, for which the postage is prepaid.

Please select below the claim(s) you would like to make (insert an "X" in the box):

☐     **I attest under penalty of perjury that I spent ☐ 1 Hour ☐ 2 Hours of time responding to receiving notice of the Data Security Incident.**

**Below is a brief description of (1) the actions I took in response to receiving notice of the Data Security Incident; and (2) the time associated with each action:**

_____

_____

_____**.**


<u>**Select from one of the following payment methods**</u>**:**
☐ PayPal     ☐ Venmo     ☐ Zelle     ☐ Virtual Prepaid Card     ☐ Check

Please provide the email address or phone number associated with your PayPal, Venmo, or Zelle account, or an email address for the Virtual Prepaid card:
_____


Verification & Signature: I swear under penalty of perjury under the laws of the United States that the information in this Claim Form is true and correct to the best of my knowledge and belief.


Signature: _____


Printed Name: _____  Date: _____

DocuSign Envelope ID: B93586C3-6B1D-405E-83BE-B396771EEB88

DocuSign Envelope ID: B93586C3-6B1D-405E-83BE-B396771EEB88

# EXHIBIT C

## NOTICE OF CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN
*In re Great Expressions Data Security Incident Litigation,* Case No. 2:23-cv-11185

**To:**     **All individual U.S. residents to whom ADG, LLC d/b/a Great Expressions Dental Centers and Great Expressions Dental Centers, P.C. (collectively, "Defendants") sent notice that their personal information was potentially impacted in the Data Security Incident.**

A proposed settlement has been reached in a class action lawsuit titled, *In re Great Expressions Data Security Incident Litigation*, No. 2:23-cv-11185 (E.D. Mich.) (the "Lawsuit"). The Lawsuit asserts claims against Defendants related to a data security incident that occurred in February 2023 (the "Data Security Incident"). Defendants notified potentially impacted individuals of the Data Security Incident beginning in May 2023.

The settlement provides benefits to all individual U.S. residents to whom Defendants sent notice of the Data Security Incident ("Settlement Class Members"). The benefits available to Settlement Class Members depends on whether their Social Security numbers were potentially accessed or acquired during the Data Security Incident. Settlement Class Members whose Social Security numbers <u>were</u> potentially accessed or acquired are "SSN Subclass Members." Settlement Class Members whose Social Security numbers <u>were not</u> potentially accessed or acquired are "Non-SSN Subclass Members." The benefits available are as follows:

### For SSN Subclass Members Only:

(1)     **A Cash Payment of up to $500.00.** In addition to, or in the alternative to, making claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and/or claims for Extraordinary Losses, SSN Subclass Members may elect to receive a cash payment of up to $500. Cash Payments will be subject to an aggregate cap of $300,000. If the aggregate amount of Cash Payments exceeds $300,000, such payments will be decreased pro rata to total of $300,000,

(2)     Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual for unreimbursed costs, losses, or expenditures incurred in responding to notice of the Data Security Incident that were incurred between February 17, 2023 and the Claims Deadline,

(3)     Whether or not they incurred Ordinary Out-of-Pocket Losses, SSN Subclass Members may also submit a claim for up to 2 hours of time spent responding to receiving notice of the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief description of: (1) the actions taken in response to receiving notice of the Data Security Incident; and (2) the time associated with each action ("Ordinary Attested Time"), and/or

(4)     Reimbursement of Extraordinary Losses up to $5,000 per individual for unreimbursed costs, losses, or expenditures that are fairly traceable to the Data Security Incident and not reimbursable as Ordinary Out-of-Pocket Losses.

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677 1EEB88

**For Non-SSN Subclass Members Only:**

(1)     Non-SSN Subclass Members may submit a claim for up to 2 hours of time spent remedying issues related to the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Data Security Incident; and (2) the time associated with each action ("Non-SSN Attested Time").

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:** _____ | You must submit a valid claim form to receive a payment from this Settlement. If you submit a valid claim, you will receive a payment but will no longer be able to sue Defendants over the claims resolved in the settlement. |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendants over the claims resolved in the settlement. |
| **EXCLUDE YOURSELF DEADLINE:** _____ | You may exclude yourself from this settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this Notice. |
| **OBJECT DEADLINE:** _____ | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the settlement. |

The Court must give final approval to the settlement before it takes effect but has not yet done so. No payments will be made until after the Court gives final approval and any appeals are resolved.

**Please review this Notice carefully.** You can learn more about the settlement by visiting **TBD** or by calling 1-800-XXX-XXXX.

**Further Information about this Notice and the Lawsuit**

*1.     Why was this Notice issued?*

Settlement Class Members may be eligible to receive payment from a proposed settlement of the Lawsuit. The Court overseeing the Lawsuit authorized this Notice to advise Settlement Class Members about the proposed settlement that will affect their legal rights. This Notice explains certain legal rights and options Settlement Class Members have in connection with the settlement.

*2.     What is the Lawsuit about?*

The Lawsuit is a proposed class action lawsuit brought on behalf of certain current and former employees and patients of customers/licensees of Defendants whose information may have been accessed and/or acquired by unauthorized individuals as part of the Data Security Incident. The affected information may include (1) for employees: names, Social Security numbers, driver's

DocuSign Envelope ID: B83586C3-6B1D-4955-83B5-B39671EFEB82

license numbers, passport numbers, and/or bank account and routing number and (2) for patients: patient names, dates of birth, contact information, mailing addresses, Social Security numbers, driver's license numbers, financial account information, credit or debit card numbers, diagnosis and treatment information, medical and dental history, dental examination information, charting information, treatment plans, x-ray images, dates of service, provider names, GEDC office of treatment, billing records, costs of services, prescription information and/or health insurance information.

The Lawsuit claims Defendants are legally responsible for the Data Security Incident and asserts various legal claims, including negligence, breach of implied contract, and declaratory judgment. Defendants deny these claims and deny that it did anything wrong.

3.    *Why is the Lawsuit a class action?*

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims. Together, all of these people are the "class" and each individually is a "class member." There are five Representative Plaintiffs in this case: Vanessa Brito, Crystal Coffey, Jacqueline Williams, Aprill Denson, as next friend of C.D., a minor, and James Patterson. The class in this case is referred to in this Notice as the "Settlement Class."

4.    *Why is there a settlement?*

The Representative Plaintiffs in the Lawsuit, through their attorneys, investigated the facts and law relating to the issues in the Lawsuit. The Representative Plaintiffs and Class Counsel believe that the settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Representative Plaintiffs' claims or Defendants' defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive compensation. The settlement does not mean that Defendants did anything wrong, or that the Representative Plaintiffs and the Class would or would not win their case if it were to go to trial.

## **Terms of the Proposed Settlement**

5.    *Who is in the Settlement Class?*

The Settlement Class is defined by the Court as all individual U.S. residents to whom Defendants sent notice of the Data Security Incident. Excluded from the Settlement Class are (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendants; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

6.    *What are the terms of the settlement?*

The proposed settlement would create a Settlement Fund of $2,700,000.00 that would be used to pay all costs of the settlement, including: (i) payments to Settlement Class Members who submit valid claims, (ii) costs of administration and notice (approximately $____), (iii) any attorneys' fees and costs awarded by the Court to Class Counsel (up to one third of the Settlement Fund (or up to $900,000.00) plus litigation costs and expenses of up to $25,000.00), and (iv) any service awards to the Representative Plaintiffs awarded by the Court (up to $2,500.00 each). The settlement also releases all claims or potential claims of Settlement Class Members against Defendants arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

7.    *What claims are Settlement Class Members giving up under the settlement?*

Settlement Class Members who do not validly exclude themselves from the settlement will be bound by the Class Settlement Agreement and Release and any final judgment entered by the Court, and will give up their right to sue Defendants and other Released Persons (as defined in the Settlement Agreement) for the claims being resolved by the settlement, including all claims or potential claims of Settlement Class Members against Defendants and other Released Persons arising from or related to the Data Security Incident. The claims that Settlement Class Members are releasing are described in Section 6.1 of the Class Action Settlement Agreement and Release and the persons and entities being released from those claims are described in Sections 1.24 and 1.26 of the Class Action Settlement Agreement and Release. Section 9.1 of the Class Settlement Agreement and Release explains when such releases will occur.

### Payments to Settlement Class Members

8.    *What kind of payments can Settlement Class Members receive?*

Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund:

### For SSN Subclass Members:

(1)    **A Cash Payment of up to $500.00.**  In addition to, or in the alternative to, making claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and/or claims for Extraordinary Losses, SSN Subclass Members may elect to receive a cash payment of up to $500.  Cash Payments will be subject to an aggregate cap of $300,000.  If the aggregate amount of Cash Payments exceeds $300,000, such payments will be decreased pro rata to total of $300,000,

(2)    Reimbursement of Ordinary Out-of-Pocket Losses up to $500 per individual for unreimbursed costs, losses, or expenditures incurred in responding to notice of the Data Security Incident that were incurred between February 17, 2023 and the Claims Deadline,

(3)    Whether or not they incurred Ordinary Out-of-Pocket Losses, SSN Subclass Members may also submit a claim for up to 2 hours of time spent responding to receiving notice of the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief

description of: (1) the actions taken in response to receiving notice of the Data Security Incident; and (2) the time associated with each action ("Ordinary Attested Time"), and/or

(4)     Reimbursement of Extraordinary Losses up to $5,000 per individual for unreimbursed costs, losses, or expenditures that are fairly traceable to the Data Security Incident and not reimbursable as Ordinary Out-of-Pocket Losses.

**For Non-SSN Subclass Members:**

(1)     Non-SSN Subclass Members may submit a claim for up to 2 hours of time spent remedying issues related to the Data Security Incident at a rate of $20 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Data Security Incident; and (2) the time associated with each action ("Non-SSN Attested Time").

Depending on how many valid claims are submitted, the amounts of the reimbursements, Attested Time payments, and Cash Payments will be adjusted upward or downward proportionally among Settlement Class Members submitting valid claims, as explained further below in Question 12.

*9.     What is the Cash Payment?*

**Every SSN Subclass Member is eligible to receive a Cash Payment of up to $500**, regardless of whether he or she experienced any unauthorized charges or identifiable losses related to the Data Security Incident. SSN Subclass Members seeking a Cash Payment must provide the information required on the Claim Form. The Cash Payment is subject to upward (to a maximum of $500) or downward adjustment as described below in Question 12.

Eligibility for any award, including the Cash Payment, is within the discretion of the Claims Administrator as outlined in Paragraph 16.

*10.     What is Reimbursement for Ordinary Out-of-Pocket Losses?*

SSN Subclass Members who incurred unreimbursed costs, losses, or expenditures in responding to notice of the Data Security Incident between February 17, 2023, and the Claims Deadline may be eligible to receive a reimbursement for these costs, losses, or expenditures.

Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.

If it is verified that a Settlement Class Member meets all the criteria described in the Settlement Agreement, and they submit proof of their unreimbursed costs, losses, and expenditures and the dollar amount of those costs, losses, and expenditures, they will be eligible to receive reimbursement of up to $500.00.

Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" that documents the costs incurred. "Self-prepared" documents,

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B396771EEB88

such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

*11.    What is Reimbursement for Extraordinary Losses?*

SSN Subclass Members who incurred unreimbursed costs, losses, or expenditures that are fairly traceable to the Data Security Incident and not reimbursable as Ordinary Out-of-Pocket Losses may be eligible to receive a reimbursement for these costs, losses or expenditures.

Extraordinary Losses will be deemed "fairly traceable" to the Data Security Incident if (1) the timing of the cost or expenditure occurred on or after February 17, 2023; and (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was provided to Defendants prior to the Data Security Incident.

Extraordinary Losses may include, without limitation, the unreimbursed costs, losses, or expenditures incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information.

If it is verified that a Settlement Class Member meets all the criteria described in the Settlement Agreement, and they submit proof of their unreimbursed costs, losses, and expenditures and the dollar amount of those unreimbursed costs, losses, and expenditures, they will be eligible to receive reimbursement of your documented unreimbursed costs, losses, and expenditures of up to $5,000.00.

Documentation supporting Extraordinary Losses can include receipts or other documentation not "self-prepared" that documents the unreimbursed costs, losses, or expenditures incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

*12.    When and how will the amount of settlement payments be adjusted?*

**For SSN Subclass Members:**

Approved Claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and Extraordinary Losses for SSN Subclass Members will be subject to an aggregate cap of $150,000. If the aggregate amount of Approved Claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time and Extraordinary Losses for SSN Subclass Members exceeds $150,000, such claims will be decreased *pro rata* to total of $150,000.  If the aggregate amount of Approved Claims for Ordinary Out-of-Pocket Losses and for Ordinary Attested Time and Extraordinary Losses SSN Subclass Members is less than $150,000, the remainder will be used to pay the claims for attested time by the Non-SSN Subclass Members.

Cash Payments for SSN Subclass Members will be subject to an aggregate cap of $300,000.  If the aggregate amount of Cash Payments exceeds $300,000, such payments will be decreased *pro rata* to total of $300,000.  If the aggregate amount of Cash Payments to SSN Subclass Members is less than $300,000, the remainder will be used to pay the claims for attested time by the Non-SSN Subclass Members.

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771FEB83

**For Non-SSN Subclass Members:**

If the aggregate amount of Approved Claims for Non-SSN Attested Time by Non-SSN Subclass Members exceeds the remaining amount of the Settlement Fund (after payment of Approved Claims for Ordinary Out-of-Pocket Losses and Ordinary Attested Time, Approved Claims for Extraordinary Losses, Cash Payments, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court), such claims will be decreased *pro rata* to consume the remaining amount of the Settlement Fund. If the aggregate amount of Approved Claims for Non-SSN Attested Time by Non-SSN Subclass Members is less the remaining amount of the Settlement Fund, such claims will be increased *pro rata* to consume the remaining amount of the Settlement Fund or up to $80 per claim, whichever occurs first. Any remainder will be used to increase the Cash Payments for SSN Subclass Members *pro rata*.

*13.    What happens after all claims are processed and there are funds remaining?*

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Defendants.

### Your Options as a Settlement Class Member

*14.    If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the settlement. **However, if you wish to seek an award under the settlement, you <u>must</u> complete and submit a Claim Form postmarked or submitted online at TBD by [INSERT DATE]**.

If you do not want to give up your right to sue Defendants about the Data Security Incident or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class. See Question 18 below for instructions on how to exclude yourself.

If you wish to object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 21 below for instructions on how to submit an objection.

*15.    What happens if I do nothing?*

If you do nothing, you will get no award from this settlement. Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and other Released Persons related to the claims released by the settlement.

*16.    How do I submit a claim?*

You may complete the Claim Form online at TBD. You may also obtain a paper Claim Form by downloading it at TBD or by calling the claims administrator at [INSERT TOLL-FREE NUMBER]. If you choose to complete a paper Claim Form, you may either submit the completed

and signed Claim Form and any supporting materials electronically at **TBD** or mail them to: [**INSERT CLAIMS MAILING ADDRESS**].

### For SSN Subclass Members:

If you **do not** wish to make a Claim for Reimbursement of Ordinary Out-of-Pocket Losses or Reimbursement of Extraordinary Losses, but you **do** wish to make a claim for a Cash Payment and/or Ordinary Attested Time, you may fill out and return the "tear off" claim form attached to the mailed notice of this settlement, for which the postage is prepaid.

### For Non-SSN Subclass Members:

If you wish to make a claim for Non-SSN Attested Time, you may fill out and return the "tear off" claim form attached to the mailed notice of this settlement, for which the postage is prepaid.

*17.    Who decides my settlement claim and how do they do it?*

The Claims Administrator will decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

*18.    How do I exclude myself from the settlement?*

To opt out of the settlement you must make a signed, written request that (i) says you wish to exclude yourself from the Settlement Class in this Lawsuit, and (ii) includes your name, address and phone number. You must submit your request through the settlement website (**TBD**) or mail your request to this address:

[**INSERT REQUEST FOR EXCLUSION MAILING ADDRESS**]

Your request must submitted online or postmarked by [**INSERT DATE**].

*19.    If I exclude myself, can I receive any payment from this settlement?*

No. If you exclude yourself, you will not be entitled to any award. However, you will also not be bound by any judgment in this Lawsuit.

*20.    If I do not exclude myself, can I sue Defendants for the Data Security Incident later?*

No. Unless you exclude yourself, you give up any right to sue Defendants and other Released Persons for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting a payment.

*21.    How do I object to the settlement?*

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39671FEEB88

Any objection to the proposed settlement must be in writing and it, along with any supporting papers, must be mailed to the Clerk of the Court, Settlement Class Counsel and Defendants' Counsel, at the mailing addresses listed below. Your objection must be filed or postmarked no later than the objection deadline, [**INSERT OBJECTION DEADLINE**]:

| Court | Defendants' Counsel |
|---|---|
| Office of the Clerk<br>U.S. District Court for the Eastern District of Michigan<br><br>Clerk's Office<br>Theodore Levin U.S. Courthouse<br>231 W. Lafayette Blvd., Room 599<br>Detroit, MI 48226 | Sean G. Wieber<br>Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601 |
| **Settlement Class Counsel** | |
| Patrick A. Barthle II<br>Morgan & Morgan<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602 | Joseph M. Lyon<br>The Lyon Firm<br>2754 Erie Ave.<br>Cincinnati, OH 45208 |

To be considered by the Court, your objection must list all of the following information: (i) the name of the Lawsuit: *In re Great Expressions Data Security Incident Litigation*, No. 2:23-cv-11185 (E.D. Mich.); (ii) the objector's full name, address, telephone number, and e-mail address (if any); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of all counsel representing the objector; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a statement identifying all class action settlements objected to by the objector in the previous 5 years; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### Court Approval of the Settlement

22.    *How, when and where will the Court decide whether to approve the settlement?*

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd., Room 725 Detroit, MI 48226.  Please visit the Court's website

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771FEB88

at https://www.mied.uscourts.gov/ for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs, and the request for a service award for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check the Settlement Website the Court's website at https://www.mied.uscourts.gov/ or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system to confirm the schedule if you wish to attend.

*23.     Do I have to attend the hearing?*

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 21. You or your own lawyer are welcome to attend the hearing at your expense but are not required to do so.

*24.     What happens if the Court approves the settlement?*

If the Court approves the settlement and no appeal is taken, the Settlement Fund will be fully funded. The Claims Administrator will pay any attorney fees and costs award and any Representative Plaintiff's service award from the Settlement Fund. Then, within the later of 60 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

*25.     What happens if the Court does not approve the settlement?*

If the Court does not approve the settlement, no Settlement Fund will be created, there will be no settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiffs, and the case will proceed as if no settlement had been attempted.

<u>**Lawyers for the Settlement Class and Defendants**</u>

*26.     Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

| | |
|---|---|
| Patrick A. Barthle II<br>Morgan & Morgan<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br>(813) 559-4908 | Joseph Lyon<br>The Lyon Firm<br>2754 Erie Ave.<br>Cincinnati, OH 45208<br>Phone: (513) 381-2333<br>jlyon@thelyonfirm.com |

| pbarthle@forthepeople.com | |
|---|---|

Settlement Class Members will not be charged for the services of Settlement Class Counsel; Settlement Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

27.     *How will the lawyers for the Settlement Class be paid?*

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees up to one third of the Settlement Fund (or up to $900,000.00), plus reasonable costs and expenses (up to $25,000.00), which shall be paid from the Settlement Fund. Settlement Class Counsel will also request approval of a service award of $2,500.00 each to the Representative Plaintiffs, which shall also be paid from the Settlement Fund.

28.     *Who represents Defendants in the Lawsuit?*

Defendants are represented by the following lawyers:

| Sean G. Wieber |
|---|
| Winston & Strawn LLP |
| 35 W. Wacker Dr. |
| Chicago, IL 60601 |

### **For Further Information**

29.     *What if I want further information or have questions?*

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Action Settlement Agreement and Release available at TBD, by contacting Settlement Class Counsel at the phone numbers provided in response to Question 26 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system or by visiting the Clerk's Office, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226 between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

XXXXXX. will act as the Claims Administrator for the settlement. You can contact the Claims Administrator at:

### **[INSERT CONTACT INFO FOR CLAIMS ADMINISTRATOR]**

### **Please do not contact the Court.**

DocuSign Envelope ID: B93586C3-6B1D-405E-83BE-B39677 1EEB83

# EXHIBIT D

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re Great Expressions Data Security Incident Litigation | Case No.: 2:23-cv-11185-JJCG-CI |
| | Hon. Jonathan J.C. Grey |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL AND TO DIRECT NOTICE OF PROPOSED SETTLEMENT TO THE CLASS

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Settlement Class (ECF No. __), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to Plaintiff's motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the motion and orders as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for: (i) a Settlement Class consisting of individuals to whom Defendants ADG, LLC d/b/a Great Expressions Dental Centers  and Great Expressions Dental Centers, P.C. (collectively, "Defendants") sent notice of the Data Security Incident, defined as follows:

> Settlement Class: All individual U.S. residents to whom Defendants sent notice that their personal information was potentially impacted in the Data Security Incident.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendants; (3) persons

---

[1] All capitalized terms herein have the same definitions as set forth in the Settlement Agreement.

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771EEB88

who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

The Settlement Class includes two subclasses, defined as follows:

<u>SSN Subclass:</u> All Settlement Class Members whose Social Security numbers were potentially accessed or acquired during the Data Security Incident.

<u>Non-SSN Subclass:</u> All Settlement Class Members whose Social Security numbers were not potentially accessed or acquired during the Data Security Incident.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; d) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is

superior to other methods available for a fair and efficient resolution of this controversy.

2.     **Class Representative and Class Counsel**. The Court finds for settlement purposes only that the Representative Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and be appointed as the Class Representatives. Additionally, the Court finds that Proposed Class Counsel, Patrick A. Barthle II of Morgan & Morgan and Joseph M. Lyon of The Lyon Firm will likely satisfy the requirements of Rule 23(e)(2)(A) and for settlement purposes are appointed as Class Counsel pursuant to Rule 23(g)(1).

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the settlement is fair, reasonable, and adequate to warrant providing notice of the settlement to the Settlement Class and accordingly it is preliminarily approved. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiffs' claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5.     **Final Fairness Hearing**. A Final Fairness Hearing shall be held on _____ _____, 2024, at _____ [via telephone or videoconference or in-person at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room TBD, Detroit, MI 48226], to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the settlement should be

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B39677FEEB88

approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (e) the application of the Class Representatives for service awards should be approved.

6.      **Claims Administrator**. The Court appoints Kroll Settlement Administration, LLC as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement reasonably requires in effectuating the Notice, Notice Program, and Claims Administration. The Claims Administrator's fees will be paid out of the Settlement Fund pursuant to the Settlement Agreement.

7.      **Notice**. The proposed method for providing notice set forth in the Settlement Agreement and the Claim Form and Class Notice attached to the Settlement Agreement as Exhibits A, B, and C, respectively, are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons

DocuSign Envelope ID: B93586C3-6B1D-4D55-83B5-B39677 1FEB88

entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), satisfy the Due Process Clause of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by class members.

The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

**<u>Exclusion from Class</u>**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Claims Administrator at the address and in the manner and within the time provided in the Notice. Such requests for exclusion must meet the opt-out deadline established by this Order and stated in the Notice. Any member of the Settlement Class who does not properly and timely opt-out of the settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

A request for exclusion must be in writing and: (a) state the name of this proceeding (*In re Great Expressions Data Security Incident Litigation*, in the United States District Court for the Eastern District of Michigan, Case No. 2:23-cv-11185-JJCG-CI, or similar identifying words such as "Great Expressions Data Security Incident Lawsuit"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

A request for exclusion that does not include the foregoing information, or that is sent to

DocuSign Envelope ID: B33586C3-6B1D-495E-83B5-B39677 1FEB83

an address other than the one designated in the Notice, or that is not postmarked by the Opt-Out Date shall be invalid and the Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all requests for exclusion to Class Counsel and to Defendants' Counsel within 7 days of the Opt-Out Date.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the settlement.

Upon entry of the Final Approval Order and Judgment all members of the Settlement Class who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the Released Persons under the Settlement Agreement with respect to the Release Claims.

9. **<u>Objections and Appearances</u>**. Any Settlement Class Member who does not elect to be excluded from the Settlement Class may object to the settlement, Class Counsel's request for fees and expenses, and/or the request for service award payments to the Representative Plaintiffs; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Date, as specified in the Notice. For the objection to be considered by

6

the Court, the objection must be in writing and include:

(a) the name or caption of this Litigation (*Great Expressions Data Security Incident Litigation*, Case No. 2:23-cv-11185-JJCG-CI (ED. Mich.));

(b) the objector's full name, address, telephone number, and e-mail address (if any);

(c) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class;

(d) a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes is applicable;

(e) the identity of all counsel representing the objector, if any, in connection with the objection;

(f) a statement confirming whether the objector and/or the objector's counsel will appear and/or testify at the Final Fairness Hearing;

(g) a statement identifying all class action settlements objected to by the objector in the previous 5 years; and

(h) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Litigation, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond to any written discovery within fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed. Any Settlement Class Member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

10. **Claims Process**. The Settlement Agreement contemplates the establishment of a

claims process. As set forth in the Settlement Agreement, Defendants shall fund a non-reversionary cash settlement fund in the amount of $2,700,000.00 for the benefit of Settlement Class Members (the "Settlement Fund"). The Settlement Fund will be used to pay for: (1) reimbursement for Ordinary Out-of-Pocket Losses and Attested Time (SSN Subclass Members only); (2) reimbursement for Extraordinary Losses (SSN Subclass Members only); (3) Cash Payments (SSN Subclass Members only); (4) Non-SSN Attested Time (Non-SSN Subclass Members only); (5) notice and administration costs; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Forms or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

11. **Termination of Settlement**. This Order, the Settlement Agreement, the proposed settlement, and all related proceedings shall become null and void, shall have no further force or effect, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Settlement Agreement was signed, if: (a) the settlement is not finally approved by the Court; (b) the Settlement Agreement and the

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39671FEB88A

proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement; or (c) there is no Effective Date. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are or ever were satisfied for purposes of this litigation. The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

12.      **Use of Order**. This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability for any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Representative Plaintiffs or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

DocuSign Envelope ID: B93586C3-6B1D-4955-83B5-B39677411FEB88

13. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator. The Court may approve the settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

14. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| Deadline for Defendants to provide Settlement Class List to Claims Administrator pursuant to the Settlement Agreement | [7 days after entry of this Order] |
| Notice Program Commencement ("Class Notice Date") | [30 days after entry of this Order] |
| Notice Program Completion | [60 days after entry of this Order] |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards | [21 days before Objection Deadline and Opt-Out Deadline] |
| Objection Date | [60 days after the Class Notice Date] |
| Opt-Out Date | [60 days after the Class Notice Date] |
| Claims Deadline | [90 days after the Class Notice Date] |
| Deadline for Plaintiffs to file motion for final approval of settlement and responses to any timely submitted Class member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | [21 days prior to Final Approval hearing] |
| Final Fairness Hearing | _____, 2024 at __: __ _.m. in Courtroom TBD |

| Event | Timing |
|-------|--------|
|       |        |

**DONE AND ORDERED** in Detroit, Michigan on this _____ day of _____, 2024.


_____
**HON. JONATHAN J.C. GREY**
**UNITED STATES DISTRICT JUDGE**

DocuSign Envelope ID: B93586C3-6B1D-405E-83BE-B396771FEB83

# EXHIBIT E

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re Great Expressions Data Security Incident Litigation | Case No.: 2:23-cv-11185-JJCG-CI<br><br>Hon. Jonathan J.C. Grey |

## [PROPOSED] FINAL APPROVAL ORDER

Before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Final Approval Motion")[1] (ECF No. __), and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Award (the "Fees, Costs, and Service Award Motion") (ECF No. __). Having fully considered the issues, the Court hereby **GRANTS** both the Final Approval Motion and the Fees, Costs, and Service Award Motion, and orders as follows:

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Court's _____ Order Granting Plaintiffs' Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class ("Preliminary Approval Order"), the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Litigation with prejudice.

---

[1] The terms of the settlement are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class (ECF No. __) (the "Settlement").

A Final Fairness Hearing was held on _____. Prior to the Final Fairness Hearing, on _____, Plaintiff filed the Fees, Costs, and Service Award Motion, and on _____, Plaintiff filed the Final Approval Motion. Counsel for the Parties appeared [in person/via Zoom] and presented arguments in support of final approval of the Settlement.

Having heard the presentation of Class Counsel and Order Express's counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Fees, Costs, and Service Award Motion, and having reviewed the materials in support thereof, for the reasons stated on the record during the Final Fairness Hearing and for good cause appearing,

**IT IS HEREBY ORDERED** that:

1.      The Final Approval Motion and the Fees, Costs, and Service Award Motion are **GRANTED** as stated herein.

2.      The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

3.      <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all parties thereto, including the Settlement Class.

4.      <u>The Settlement is Fair, Reasonable, and Adequate</u>: The Court finds that the Settlement was entered into by the Parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's-length

negotiations conducted by experienced counsel with the assistance of a well-respected mediator and is non-collusive.

5.  <u>Class Certification for Settlement Purposes Only</u>: For purposes of the Settlement only, the Court finds and determines that the Litigation may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 1,945,788 people, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Representative Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the Court will finally certify the Settlement Class. Defendants retain all rights to assert that this Litigation may not be certified as a class action, other than for settlement purposes.

6.  <u>Class Definition</u>: The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of individuals to whom Defendants sent notice of the data-security incident that Defendants announced in February 2023, defined as follows:

> <u>Settlement Class</u>: All individual U.S. residents to whom Defendants sent notice that their personal information was potentially impacted in the Data Security Incident.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Litigation, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendants; (3) persons

who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

The Court also hereby certifies, for settlement purposes only, two subclasses:

<u>SSN Subclass:</u> All Settlement Class Members whose Social Security numbers were potentially accessed or acquired during the Data Security Incident.

<u>Non-SSN Subclass:</u> All Settlement Class Members whose Social Security numbers were not potentially accessed or acquired during the Data Security Incident.

7.      <u>Class Notice</u>: The approved Notice Program provided for the Postcard Notice to be mailed (and, where possible, emailed) to all members of the Class who have been identified by Defendants through its records with a mailing address, and the Class Notice to be posted on the Settlement Website for those whose mailing addresses were not available within Defendants' records. For mailed notices returned with a forwarding address, the Settlement Administrator mailed Postcard Notices to the forwarding addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Class Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line for Settlement Class Members to call with settlement-related inquiries.

8.      <u>Findings Concerning Notice</u>: The Court finds and determines that the Notice Program, preliminarily approved on _____, and implemented on _____, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715,

DocuSign Envelope ID: B93586C3-6B1D-4955-83B5-B396771FEB88

and all other applicable laws and rules. The Notice Program involved direct notice via mail, via email where available, and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

9.      Appointment of Class Representative: The Court appoints Plaintiffs Vanessa Brito, Crystal Coffey, Jacqueline Williams, and Aprill Denson, as next friend of C.D., a minor, and James Patterson, as Class Representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a).

10.     Appointment of Class Counsel: The Court appoints Plaintiff's attorneys Patrick A. Barthle II of Morgan & Morgan and Joseph M. Lyon of The Lyon Firm as Settlement Class Counsel.

11.     Exclusion from Class: Any person falling within the definition of the Settlement Class had the opportunity, upon request, to be excluded from or to "opt out" of the Class. [No one opted to be excluded from the Settlement OR The ___ person(s) identified on Exhibit __ to the Final Approval Motion who opted to be excluded from the Settlement shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Litigation.]

12.     Objections and Appearances: Any Class Member had the opportunity to enter an appearance in the Litigation, individually or through counsel of their own choice. Any Class

5

DocuSign Envelope ID: B93586C3-6B1D-4055-83B5-B396771FEB88

Member also had the opportunity to object to the Settlement and the attorneys' fees and expenses award and to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the attorneys' fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order. [There were no objections filed in this case to either the Settlement or the attorneys' fees and expenses award OR the Court has considered the objection(s) to the Settlement submitted by ___ and concludes such objection(s) is/are without merit and overruled]. Any Settlement Class Member who did not make their objections in the manner and by the date set forth in ¶ 9 of the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

13.     <u>Release</u>: Upon the entry of this Order, the Representative Plaintiffs and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims or causes of action against Defendants and the Released Persons based on, relating to, concerning, or arising from the Data Security Incident, and the Representative Plaintiffs and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims as set forth in the Settlement Agreement.

14.     <u>Attorneys' Fees and Costs</u>: Class Counsel moved for an award of attorneys' fees and litigation expenses on _____, which Defendants did not oppose. Class Counsel requested $_____ in attorneys' fees and litigation costs. The Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through

DocuSign Envelope ID: B93586C3-6B1D-405E-83B5-B39677 1FEB89

the Litigation as well as the contingent nature of the fee award. Accordingly, Class Counsel are awarded attorneys' fees and litigation costs in the amount of $_____. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

15.     <u>Service Awards</u>: Representative Plaintiffs moved for Service Awards on _____, which Defendants did not oppose. Representative Plaintiffs requested Service Awards of $_____. The Court finds that Representative Plaintiffs' request for Service Awards is fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Representative Plaintiffs' willingness to act as class representatives and assist Class Counsel in this Litigation. Accordingly, Representative Plaintiffs are awarded Service Awards in the amount of $_____. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16.     <u>Payment to Settlement Class Members and of Other Expenses</u>: The Claims Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted approved claims, for the attorneys' fees and costs, for the service award, and for all settlement administration costs.

17.     <u>Funds Held by Settlement Administrator</u>: All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court. If any funds remain in the Settlement Fund after payment of Claims for Ordinary Out-of-Pocket Losses and Attested Time, Claims for Extraordinary Losses, Claims for Non-SSN Attested Time, notice and administration costs, service award payments approved by the Court, attorneys' fees and expenses awarded by the Court, and payment of Claims

for Cash Payments, such funds will be disbursed to a *cy pres* recipient to be agreed upon by the Parties and approved by the Court or, if they cannot agree, selected by the Court.

18.     <u>Dismissal with Prejudice</u>: The above-captioned Litigation is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Final Judgment separately entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

19.     Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. __) and Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Award (ECF No. __) are **GRANTED**.

20.     The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending motions as **MOOT**.

**DONE AND ORDERED** in Detroit, Michigan on this ____ day of _____, 2024.

_____
**HON. JONATHAN J.C. GREY**
**UNITED STATES DISTRICT JUDGE**