# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

In re Great Expressions Data
Security Incident Litigation

Case No.: 2:23-cv-11185

Hon. Jonathan J.C. Grey

## FINAL APPROVAL ORDER

Before the Court are Plaintiffs' motion for final approval of class action settlement (the "Final Approval Motion")[1] (ECF No. 38), and Plaintiffs' unopposed motion for attorneys' fees, costs, expenses, and service award (the "Fees, Costs, and Service Award Motion") (ECF No. 37). Having fully considered the issues, the Court hereby **GRANTS** both the Final Approval Motion and the Fees, Costs, and Service Award Motion, and orders as follows:

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Court's July 2, 2024 Order Granting Plaintiffs' Motion for Preliminary Approval and to Direct Notice of Proposed

---

[1] The terms of the settlement are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class (ECF No. 33-1) (the "Settlement").

Settlement to the Class ("Preliminary Approval Order"), the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Litigation with prejudice.

A Final Fairness Hearing was held on December 12, 2024. Prior to the Final Fairness Hearing, on September 20, 2024, Plaintiff filed the Fees, Costs, and Service Award Motion, and on November 20, 2024, Plaintiff filed the Final Approval Motion. Counsel for the Parties appeared in person and presented arguments in support of final approval of the Settlement.

Having heard the presentation of Class Counsel and Defendants' counsel, having reviewed all the submissions presented with respect to the proposed Settlement, having considered the Fees, Costs, and Service Award Motion, and having reviewed the materials in support thereof, for

the reasons stated on the record during the Final Fairness Hearing and for good cause appearing,

**IT IS HEREBY ORDERED** that:

1.     The Final Approval Motion and the Fees, Costs, and Service Award Motion are **GRANTED** as stated herein.

2.     The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

3.     <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all parties thereto, including the Settlement Class.

4.     <u>The Settlement is Fair, Reasonable, and Adequate</u>: The Court finds that the Settlement was entered into by the Parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The

Settlement Agreement was entered in good faith following informed, arm's-length negotiations conducted by experienced counsel with the assistance of a well-respected mediator and is non-collusive.

5. <u>Class Certification for Settlement Purposes Only</u>: For purposes of the Settlement only, the Court finds and determines that the Litigation may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 1,945,788 people, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Representative Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the Court will finally

certify the Settlement Class. Defendants retain all rights to assert that this Litigation may not be certified as a class action, other than for settlement purposes.

6.   <u>Class Definition</u>: The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of individuals to whom Defendants sent notice of the data-security incident that Defendants announced in February 2023, defined as follows:

> <u>Settlement Class</u>: All individual U.S. residents to whom Defendants sent notice that their personal information was potentially impacted in the Data Security Incident.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Litigation, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendants; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

The Court also hereby certifies, for settlement purposes only, two subclasses:

SSN Subclass: All Settlement Class Members whose Social Security numbers were potentially accessed or acquired during the Data Security Incident.

Non-SSN Subclass: All Settlement Class Members whose Social Security numbers were not potentially accessed or acquired during the Data Security Incident.

7.      Class Notice: The approved Notice Program provided for the Postcard Notice to be mailed (and, where possible, emailed) to all members of the Class who have been identified by Defendants through its records with a mailing address, and the Class Notice to be posted on the Settlement Website for those whose mailing addresses were not available within Defendants' records. For mailed notices returned with a forwarding address, the Settlement Administrator mailed Postcard Notices to the forwarding addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Class Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line for Settlement Class Members to call with settlement-related inquiries.

8.      Findings Concerning Notice: The Court finds and determines

that the Notice Program, preliminarily approved on July 2, 2024, and implemented on August 8, 2024, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via mail, via email where available, and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all the notices are written in plain language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

9. <u>Appointment of Class Representative:</u> The Court appoints Plaintiffs Vanessa Brito, Crystal Coffey, Jacqueline Williams, and Aprill Denson, as next friend of C.D., a minor, and James Patterson, as Class

Representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a).

10.    <u>Appointment of Class Counsel</u>: The Court appoints Plaintiffs' attorneys Patrick A. Barthle II of Morgan & Morgan and Joseph M. Lyon of The Lyon Firm as Settlement Class Counsel.

11.    <u>Exclusion from Class</u>: Any person falling within the definition of the Settlement Class had the opportunity, upon request, to be excluded from or to "opt out" of the Class. The 74 persons identified on Exhibit 2.G. to the Final Approval Motion who opted to be excluded from the Settlement shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Litigation.

12.    <u>Objections and Appearances</u>: Any Class Member had the opportunity to enter an appearance in the Litigation, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the attorneys' fees and expenses award and to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered

thereon, why the Settlement should not be approved, or why the attorneys' fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order. There were no objections filed in this case to either the Settlement or the attorneys' fees and expenses award. Any Settlement Class Member who did not make their objections in the manner and by the date set forth in ¶ 9 of the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

13. <u>Release</u>: Upon the entry of this Order, the Representative Plaintiffs and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims or causes of action against Defendants and the Released Persons based on, relating to, concerning, or arising from the Data Security Incident, and the Representative Plaintiffs and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims as set forth in the Settlement Agreement.

14. <u>Attorneys' Fees and Costs</u>: Class Counsel moved for an award

of attorneys' fees and litigation expenses on September 20, 2024, which Defendants did not oppose. Class Counsel requested $925,000 in attorneys' fees and litigation costs. The Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through the Litigation as well as the contingent nature of the fee award. Accordingly, Class Counsel are awarded attorneys' fees and litigation costs in the amount of $925,000. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

15. <u>Service Awards</u>: Representative Plaintiffs moved for Service Awards on September 20, 2024, which Defendants did not oppose. Representative Plaintiffs requested Service Awards of $2,500. The Court finds that Representative Plaintiffs' request for Service Awards is fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Representative Plaintiffs' willingness to act as class representatives and assist Class Counsel in this Litigation. Accordingly, Representative Plaintiffs are each awarded Service Awards in the amount of $2,500. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement

Agreement.

16. <u>Payment to Settlement Class Members and of Other Expenses</u>: The Claims Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted approved claims, for the attorneys' fees and costs, for the service award, and for all settlement administration costs.

17. <u>Funds Held by Settlement Administrator</u>: All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court. If any funds remain in the Settlement Fund after payment of Claims for Ordinary Out-of-Pocket Losses and Attested Time, Claims for Extraordinary Losses, Claims for Non-SSN Attested Time, notice and administration costs, service award payments approved by the Court, attorneys' fees and expenses awarded by the Court, and payment of Claims for Cash Payments, such funds will be disbursed to a *cy pres* recipient to be agreed upon by the Parties and

approved by the Court or, if they cannot agree, selected by the Court.

18.    <u>Dismissal with Prejudice</u>: The above-captioned Litigation is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Final Judgment separately entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

19.    Plaintiffs' unopposed motion for final approval of class action settlement (ECF No. 38) and unopposed motion for attorneys' fees, costs, expenses, and service award (ECF No. 37) are **GRANTED**.

20.    The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending motions as **MOOT**.

**SO ORDERED**.

Dated: December 12, 2024

<u>**s/Jonathan J.C. Grey**</u>
HON. JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email on the Notice of Electronic Filing on December 12, 2024.

**<u>s/ S. Osorio</u>**
Sandra Osorio
Case Manager